Ohling et al. v. Luitjens.

# BERENTJE OHLING *et al.*

## *v.*

## LUITJEN LUITJENS.

1. JURISDICTION IN CHANCERY — *remedy at law.* Where a grantee of land who holds under a deed containing covenants of seizin, warranty, &c., is obliged to yield up the premises in favor of a prior incumbrancer, he cannot resort to a court of chancery for relief against his grantor, because he has a complete remedy at law by action of covenant.

2. SAME — *how the want of it may be waived.* But if the grantee should resort to chancery in such case, for relief, the want of jurisdiction must be brought in question by the pleadings, or it will be regarded as waived. If the defendant neglects to demur to the bill, and in his answer confines himself to a simple denial of the allegations of the bill, he cannot raise the question of jurisdiction on error.

3. DECREE — *must conform to the allegations in the bill.* If a complainant in chancery recover at all, he must recover upon the case made by his bill. He cannot state one case in his bill and make out a different case in proof. If the evidence makes a case variant from the one made in the bill, no decree should pass other than one dismissing the bill, or at least one for no more than is prayed for.

4. So, where a grantee of land who had surrendered the premises to a prior incumbrancer, exhibited his bill against his grantor to compel a return of the purchase-money, alleging it to amount to a given sum, which he prayed might be returned to him, the evidence showing the consideration paid to have been a larger sum than that claimed in the bill, a decree rendered for the amount shown by the proof was held erroneous, because it was for a larger amount than was claimed by the bill.

5. INTEREST — *from what time computed.* The title of a grantee of land was defeated through a prior mortgage, which was foreclosed after his purchase, the premises sold under the decree of foreclosure, and a master's deed executed to the purchaser. The grantee whose title was thus defeated, sought, by bill in chancery, to recover back from his grantor the purchase-money which he had paid prior to the foreclosure, with interest. It was held the interest should be computed only from the date of the master's deed.

6. PARTIES — *to bill for foreclosure.* A purchaser of land from devisees is a necessary party to a bill for the foreclosure of a mortgage which had previously been given upon the same premises by the testator.

7. SAME — *effect of omission of proper parties.* If the purchaser from the devisees should not be made a party to the bill for foreclosure in such case, his rights would remain unaffected by the decree which might be rendered in that proceeding.

8. VENDOR AND PURCHASER — *rights of the latter.* The foreclosure being had without the subsequent purchaser being made a party to the suit, and the decree being therefore void as to him, if he voluntarily surrender the premises to the pur-

chaser under the decree of foreclosure, not being bound to do so, he can have no claim for damages upon the covenants in his deed against his grantor.

9.   SALE OF LANDS UNDER FORECLOSURE — *how far a satisfaction of the debt.* A mortgage was given upon several tracts of land. Upon the death of the mortgagor, his devisees sold and conveyed one of those tracts. Afterwards, the mortgage was foreclosed in equity without the subsequent purchaser being made a party to the suit. All the lands were sold, *en masse,* by the master under the decree of foreclosure, for the whole amount of the debt. It was *held,* the sale was void as to the tract so purchased from the devisees, their grantee not being a party to the suit for foreclosure, but as to the residue of the lands, was valid, and operated to satisfy the debt, and discharge the tract held by the grantee of the devisees from the mortgage.

WRIT OF ERROR to the Circuit Court of Stephenson county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

This was a suit in chancery, instituted in the Circuit Court on the 11th day of February, 1861, by Luitjen Luitjens, the defendant in error, against Berentje Ohling, Heike R. Ohling, Paul J. Ohling and Addo Borchers, the plaintiffs in error.

The case was this: On the fourth day of December, 1855, the defendants below sold and conveyed, by deed of general warranty, with covenants against incumbrances, to the complainant, a certain quarter section of land situated in Stephenson county, which was devised to them by the last will of Ralph K. Ohling, their father, then deceased.

It appears that Ralph K. Ohling, in his lifetime, on the 8th day of August, 1854, had executed a mortgage to one Thomas Milliken, to secure four thousand dollars, on this land, together with another tract, making in all four hundred and eighty acres.

This mortgage Milliken assigned to one Niel, who instituted proceedings to foreclose the same in the Stephenson Circuit Court, subsequently to the sale and conveyance of the quarter section mentioned by the devisees of Ralph K. Ohling to the complainant, Luitjens. A decree of foreclosure was entered, directing a sale of all the lands described in the mortgage, including that conveyed to the complainant.

The lands were all sold, *en masse,* by the master in chancery to Niel, for the full amount of the debt secured by the mort-

gage. Niel, assigned his certificate of purchase to James Mitchell, who, in due time, obtained a deed therefor. To this suit for foreclosure, Luitjens, the purchaser from the devisees of the mortgagor, was not made a party; nevertheless, he voluntarily surrendered the premises to Mitchell, upon his obtaining the master's deed.

It is alleged in the bill, that the consideration for the sale of the quarter section to the complainant, was twenty-two hundred and fifty dollars, of which one thousand dollars was paid down, and the remaining twelve hundred and fifty secured by the notes of the purchaser.

The prayer of the bill was, that the defendants be compelled to return the purchase-money which had been paid, with interest thereon, and that the complainant's notes be surrendered to him to be canceled.

The defendants answered the bill, simply denying its material allegations. On the hearing, the case, as stated in the bill, was substantially sustained by the evidence, except that it was shown the actual consideration of the purchase by the complainant was a larger sum than that stated in the bill, being two thousand five hundred and fifty dollars, of which one thousand dollars was paid in hand, and for the balance the complainant gave his notes.

A decree was rendered, finding the amount of the purchase-money as established by the evidence, and variant, to that extent, from the case made in the complainant's bill. The defendants were decreed to refund the purchase-money paid, with interest thereon at six per cent., from the 4th of December, 1855, the date of the complainant's purchase; and to surrender the note to be canceled, or, on failure to do so, to pay to the complainant the amount of the notes, with interest from the date of the decree.

The defendants bring the case to this court by writ of error, and assign for error:

1. That the bill and the matters therein contained, are not sufficient in law for said defendant to have the relief in the decree aforesaid.

2. The decree is contrary to, and unsupported by the evidence, and is also contrary to the law in the case.

3. Said decree is for more than is asked for in the bill.

4. The plaintiffs in error are decreed to pay the defendant in error interest on the purchase-money of the land in question, from the date of the deed up to the date of the decree.

5. Said decree recites and states material facts not in proof.

6. The recovery in said decree is excessive.

Mr. J. M. BAILEY, for the plaintiffs in error.

The decree should have allowed interest only from the date of the master's deed. It is only from that time the complainant was liable for *mesne* profits. In legal contemplation the use of the land is equal to the interest on the purchase-money, and until the complainant became liable to account to the holder of the title paramount for *mesne* profits, the use of the land would countervail his right to interest. *Staats* v. *Executors of Ten Eyck*, 3 Caines, 114; *Caulkins* v. *Harris*, 9 Johns. 324; *Bennett* v. *Jenkins*, 13 Johns. 50; *Hale* v. *New Orleans*, 13 La. An. R. 499; *Fernander* v. *Dunn*, 19 Geo. 497; *Cox* v. *Henry*, 32 Penn. State R. 18; *Kyle* v. *Fauntleroy*, 9 B. Mon. 620; *Clark* v. *Poor*, 14 Ohio, 118.

Some of the authorities go to the extent of holding that, even after eviction, the loss of the *mesne* profits does not *necessarily* follow, and the law does not give *actual compensation*, for merely *probable loss*, and so interest should not be allowed to the grantee where the property has been enjoyed by him, unless he has been actually compelled to pay the *mesne* profits. See Sedgwick on Meas. of Dam. 170, note and 108. If such be the law, interest should only run from May, 1860, the date of the surrender to Mitchell.

Luitjens not having been made a party to the suit for foreclosure, his rights remain precisely the same as though no foreclosure had taken place. *Watson* v. *Spence*, 20 Wend. 260; *Bradley* v. *Snyder*, 14 Ill. 263; *Fuller* v. *Van Geesen*, 4 Hill, 171; *Reed* v. *Marble*, 10 Paige, 409.

It is conceded that an outstanding mortgage upon the land in question, at the time of the conveyance to complainant, would work a technical breach of the covenant against incumbrances; but as he has paid nothing upon the mortgage, and has suffered no detriment thereby, he is entitled only to nominal damages. *Prescott* v. *Trueman*, 4 Mass. 627; *Wyman* v. *Ballard*, 12 Mass. 304; *De Forest* v. *Leete*, 16 Johns. 122; *Stanard* v. *Eldridge*, id. 254; *Tufts* v. *Adams*, 8 Pick. 547; *Harlan* v. *Thomas*, 15 Pick. 69; *Pillsbury* v. *Mitchell*, 5 Wis. 17; *Copeland* v. *Copeland*, 30 Maine, 446; *Stowell* v. *Bennett*, 34 Maine, 422; *Reed* v. *Pierce*, 36 Maine, 422. He can take no advantage of having yielded to a void title in Mitchell. He was not bound to surrender to Mitchell; and, having done so of his own accord, he cannot recover damages of plaintiff therefor.

But the true position of the parties is, that the mortgage is satisfied by the sale, and the complainant holds his land discharged therefrom. The purchaser under the mortgage has good title to the residue of the land, but none whatever to this tract.

Messrs. BRIGHT & BRAWLEY and LELAND & BLANCHARD for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, brought by the defendant in error against the plaintiffs in error to compel them to refund to complainant the purchase-money of certain lands, and to reimburse him for improvements made thereon, and for interest on the purchase-money, and for the increased value of the land, and also that the defendants be required to deliver up to complainant the unpaid notes given for the land, or to pay him the sum of two thousand two hundred and fifty dollars which he alleges was the consideration money, together with interest, and for general relief.

An answer was put in without oath, that being waived by the bill, to which a general replication was filed, and on the

hearing and proofs the court decreed that the plaintiffs in error should pay to the complainant, the defendant in error, the sum of two thousand five hundred and fifty dollars, with interest thereon at six per cent. from December 4, 1855, amounting in all to the sum of three thousand six hundred and twenty six dollars, the same to be paid within ten days, or that execution issue, and that complainant recover his costs.

The record is brought here by writ of error, and upon it these errors are assigned:

1. That the bill and matters contained in it, are not sufficient in law to entitle the defendant to the relief sought. 2. That the decree is not supported by the evidence, and is contrary to the law of the case. 3. The decree is for more than is asked by the bill. 4. The plaintiffs in error are decreed to pay interest on the purchase-money from the date of the deed up to the date of the decree. 5. The decree recites and states material facts not in proof. 6. The recovery in the decree is excessive.

We shall not notice all these errors in detail, as it is unnecessary, from the view we have taken of the case. In regard to the first, the jurisdiction of the court was not brought in question, by any pleading below. It is undoubtedly clear, that a demurrer to the bill for want of jurisdiction, would have been sustained, as the case made by the bill is, manifestly, a case wherein a court of law is fully competent to afford a complete remedy by action of covenant. All the questions presented are purely legal questions, and cognizable at law. The first error assigned is nothing more than a general demurrer to the bill, which comes too late to be now urged, and it is considered as waived by the plaintiffs in error, as they do not press it upon the court.

The principal point which the plaintiffs in error make, and on which they rely, is, that the decree is for a larger sum than the complainant was entitled to by his own showing in his bill.

This is well made, for the bill alleges, as the consideration for the land, the payment of one thousand dollars in money,

and the execution of notes for twelve hundred and fifty dollars, making in all, as the extent of his claim, the sum of twenty-two hundred and fifty dollars, and for this specific sum a decree is prayed: The decree finds two thousand five hundred and fifty dollars as the amount of the consideration, and it is rendered for that amount, with interest thereon.

Another point is well made by the plaintiffs in error, and is akin to this, and they may be considered together as one. The proof makes out a case different from the case stated in the bill, in this: the bill alleges twenty-two hundred and fifty dollars as the consideration for the purchase of the land, of which one thousand dollars was paid down, and twelve hundred and fifty dollars by the execution of complainant's notes.

It is proved the actual consideration was two thousand five hundred and fifty dollars, of which one thousand dollars was paid in hand, and three notes executed for the balance, one for four hundred, one for six hundred, and the other for five hundred and fifty dollars, making in all two thousand five hundred and fifty dollars, and for this the decree passed. It is well settled, a party must recover according to the case made by his bill, and not by the proof. He cannot state one case in his bill, and make out a different case in proof. If the evidence makes a case variant from the one made in the bill, no decree should pass other than one dismissing the bill, or, at least, one for no more than is prayed for. If a complainant recovers at all, he must recover upon the case made by his bill. *McKay* v. *Bissett et al.*, 5 Gilm. 505; *Morgan* v. *Smith*, 11 Ill. 194; *White* v. *Morrison*, id. 361; *Rowan* v. *Bowles et al.*, 21 id. 17.

The third point made by plaintiffs in error, and which includes the fourth, is admitted by the defendant to be well taken, and that interest should have been calculated only from the date of the master's deed under the decree of foreclosure of the mortgage.

The main point, and the one on which we decide this case, is embraced in the fifth, as made by the plaintiffs in error.

It appears by the proofs in this cause, that the plaintiffs in

error, on the fourth day of December, 1855, sold by deed of general warranty, with covenants against incumbrances, to the defendant in error, the south-east quarter of section 25 in township 26, north range 8 east, containing one hundred and sixty acres, which was devised to them by the last will of Ralph K. Ohling, their father, then deceased. It appears that Ohling, in his lifetime, on the 8th day of August, 1854, had executed a mortgage to one Thomas Milliken, to secure four thousand dollars on this land, together with the south half of section 20 in range 9 east, in the same township, containing 320 acres, making in all conveyed by the mortgage, four hundred and eighty acres, and all situate in Stephenson county. This mortgage Milliken assigned to one Neil, who proceeded to foreclose the same in the Stephenson Circuit Court, and there obtained a decree for the sale of all the land described in the mortgage, including that conveyed to the complainant. The lands were sold by the master in chancery to Neil, who assigned the certificate of purchase to James Mitchell, who obtained, in due time, a deed therefor. To this suit to foreclose, the very person who should have been made a party to the proceedings, and who alone had any interest in these premises, was omitted from the bill. The heirs and executor of Ohling were alone made parties, who had sold the north-east of 25 to the defendant in error, in whom alone the equity of redemption to this tract resided. The interest the defendants in that bill had was an interest in the half section containing 320 acres and in range 9 east. They held the equity of redemption to that tract, as it does not appear they had ever sold and conveyed it, but in the north-east of 25 they had no interest whatever.

The complainant in this bill, the defendant in error here, cannot then be affected by a suit and decree to which he was not a party. He is still the owner of the equity of redemption, and entitled, by his position, to claim all the advantages belonging to it. The decree, as to him, is a mere nullity, as any other judgment would be to which he was not a party, and he therefore lost nothing by the decree. The court pronouncing the decree of foreclosure and sale, had no jurisdiction of this

defendant in error in that suit, and his rights remain unaffected by it.    *Watson* v. *Spence*, 20 Wend. 264; *Reed* v. *Marble*, 10 Paige Ch. 410.

What are those rights, and what is the present position of the parties?

The complainant, defendant in error, prayed for a decree against the plaintiffs in error, by reason of one or more breaches of covenant in their deed to him, one being a covenant against incumbrances, and an outstanding unsatisfied mortgage is shown to have existed at the date of these covenants, and that such proceedings were had, that the premises were sold and a deed made to the purchasers, to whose title the complainant voluntarily and without suit, yielded.    This decree, as we have shown, was void as to defendant in error, and the title acquired under it was also void as to him.    He was not bound to surrender to it, and doing so of his own accord voluntarily, can give him no claim to damages against the plaintiffs in error.    What, then, is his position?    Simply this:

The foreclosure being void as to him, and the whole four hundred and eighty of land being sold *en masse* for the amount due on the mortgage, the mortgage was thereby satisfied, although the purchaser got title only to the half section of 320 acres.    The proceedings in the foreclosure suit being regular and valid as to that tract, the purchaser got a complete title to it, but being void as to the N. E. 25, the 160 acre tract, he got no title, and the case stands thus; the complainant, defendant in error, who owns the equity of redemption to this tract and the mortgage being satisfied by the sale of the 320 acre tract, has now a title discharged from the mortgage, leaving him subject to the payment of the balance of the purchase-money only.

The decree is reversed and the bill dismissed.

*Decree reversed.*