## WILLIAM T. CUTTER *et al.*

*v.*

## STEVENS S. JONES.

1. LIMITATIONS—*by whom the statute to be invoked—and under what circumstances.* A mortgagee obtained a decree of strict foreclosure, a subsequent purchaser from the mortgagor not having been made a party to the

suit. Afterwards, the purchaser, who held as trustee for certain creditors of the mortgagor, sought, by bill, to have the premises sold in execution of the trust, and the mortgagee decreed to have no right therein, on the ground that the statute of limitations, if pleaded in the suit to foreclose, would have barred a foreclosure, and was not pleaded: *Held*, that the statute of limitations could not thus be set up to deprive the mortgagee of his rights under the decree of foreclosure, which must stand, subject only to the right of the subsequent purchaser to redeem.

2. PARTIES TO A FORECLOSURE—*of a subsequent purchaser from the mortgagor.* A subsequent purchaser from a mortgagor ought to be made a party to a suit to foreclose the mortgage; but if he be not made a party, the decree of foreclosure will not, for that reason, be void—it will be, as to him, a mere nullity, leaving to him the right which he acquired by his purchase—that of redemption—in full force, and which he may still exercise, even though the decree was for a strict foreclosure.

WRIT OF ERROR to the Circuit Court of Du Page county; the Hon. SILVANUS WILCOX, Judge, presiding.

The opinion states the case.

Mr. W. T. BURGESS, for the plaintiffs in error.

Mr. W. D. BARRY, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The leading facts on which this case depends are, substantially, these: William R. Thompson, being indebted to Peter R. Bouchell on two notes, each for the sum of nineteen hundred and thirty-five dollars, thirty-nine cents, one due on the 1st of January, 1851, the other on the 1st of July of the same year, and both dated January 5, 1850, to secure them did, on that day, execute and deliver to Bouchell two mortgages, one mortgage as security for both notes, the other as security for the note first due. The first mortgage was duly recorded in the proper office January 18, 1850, and the other February 4, 1850. The mortgagee paid the taxes on the land up to and

including the year 1866—the notes being endorsed by Bouchell to Stevens S. Jones and David L. Eastman, and by Eastman his interest released to Jones. Thompson, the maker of the notes, died September 1, 1851, and William T. Cutter was appointed administrator on his estate on the 14th of May, 1853. Thompson was a member of the firm of L. C. Hall and Company, and involved in debt, and on the 14th of August, 1850, he conveyed this land in controversy to Robert Sedgwick, by deed duly recorded January 13, 1852. The lands were vacant and unoccupied. On the 10th of October, 1850, Sedgwick and wife conveyed the lands to William T. Cutter in trust, to pay certain creditors of L. C. Hall and Company, which deed was recorded on the 14th of October, 1850.

On the 2d of December, 1866, Jones exhibited his bill in chancery in the McHenry circuit court, where the lands are situate, to foreclose these mortgages, making Harvey M. Thompson, Emily M. Hall, Lamberton C. Hall, William T. Cutter, administrator of William R. Thompson, deceased, Peter R. Bouchell and others, defendants, omitting therefrom Roland Sedgwick and his wife, and William T. Cutter in his own right, or as trustee for the creditors of L. C. Hall and Company.

The venue in the cause having been changed to Kane county, such proceedings were there had at the May term, 1867, that a decree of strict foreclosure was entered, if the amount found due by the mortgages was not paid in ninety days.

At the February term, 1868, of the McHenry circuit court, William T. Cutter filed his bill in chancery, setting up this trust arrangement, and averring that Jones was about to take possession of the land under his decree, and to take legal proceedings to eject complainant therefrom. He also alleged in the bill, the notes executed by Thompson to Bouchell, secured by the mortgages, were barred by the statute of limitations.

The bill prays for an answer without oath, and for an account of the amount due the several creditors under the trust, that the premises might be sold in execution of the trust, and the amount realized paid to William T. Cutter, junior, the owner of the indebtedness of L. C. Hall and Company; that Jones be decreed to have no lien, charge or incumbrance, or title or estate in the lands, and that he be enjoined and restrained from taking or attempting any legal proceedings to take possession of them, and that the injunction be made perpetual, and for general relief. The bill made Jones, Sedgwick and others parties.

Jones answered, setting up the proceedings above recited in his bill to foreclose. Replication was put in, and the cause heard. The court dismissed the bill without prejudice. To reverse this decree, complainants bring the record here by writ of error, and make the point that the lien under the mortgage to Bouchell should have been held barred by the statute of limitations.

Reference is made, in support of this proposition, to *Collins* v. *Tony,* 7 Johns. R. 278. That was an action of dower, by a widow of one who had mortgaged the land, she not having joined in the deed. The court said, as they had held the estate of the mortgagor is the real estate at law, it must be so held when the widow comes to ask her dower of the heirs, or of the grantee of her husband. The court further held, that the mortgage set up was not a subsisting title, as the mortgagee never entered, and there had been no foreclosure, nor had interest been paid on it within twenty years. *Jackson* v. *Hudson,* 3 ib. 386, decides nothing further on this point. *Jackson* v. *Pratt,* 10 ib. 381, is to the same effect as *Collins* v. *Tony, supra.* Why, in that case, was not the mortgage a subsisting title? The answer is given by the court— the mortgagee never entered, and there had been no foreclosure. Here, there was a strict foreclosure by the decree of a court of competent jurisdiction, and it must stand until set aside by some direct proceeding. This bill contains no such

prayer, and if it did, and the only fact upon which to ground it was that the statute of limitations, if pleaded in the Knox circuit court, would have defeated the action, and was not pleaded, the court having jurisdiction of the cause properly exercised it by the decree rendered, and no court could thereafter interfere and set it aside. In the absence of fraud, the decree must stand.

The point made most important by the plaintiff in error is, that inasmuch as he, as trustee for the creditors of Hall and Company, and their creditors were not made parties to Jones' bill of foreclosure, the decree is void as to them.

What right did Sedgwick acquire by Thompson's deed to him, executed subsequent to his mortgage to Bouchell, under which Jones foreclosed? Certainly nothing more than the equity of redemption remaining in Thompson, and this equity was conveyed to plaintiff in trust.

On general principles, frequently recognized by this court, Sedgwick, and plaintiff as trustee, should have been parties to the foreclosure suit, but the question arises, as they were not, was the decree of foreclosure a void decree? In the case referred to by plaintiff—*Ohling et al.* v. *Luitjens*, 32 Ill. 23—which, in some of the facts, is like this case, it was held, that the complainant there could not be affected by a suit and decree to which he was not a party; that he was still the owner of the equity of redemption, and entitled to claim all the advantages belonging to his position; that the decree as to him was a mere nullity, he losing nothing by the decree. The court had no jurisdiction over him in the suit, and his rights remain unaffected by it. The same doctrine was held in *Dunlap* v. *Wilson*, ib. 517.

Testing this case by them, plaintiff lost no rights he possessed, by the decree of foreclosure ; that right was simply a right to redeem. The foreclosure did not bar him of that right, and it now exists, so far as we can see, in full force. But the bill does not ask to redeem. He seeks, by his bill, to enforce no such right; it was, therefore, properly dismissed

without prejudice.   The equities of appellant remain the same as they were when the foreclosure decree was rendered.

The decree is affirmed.

*Decree affirmed.*