# WILLIAM M. KELGOUR

## *v.*

# JOHN WOOD.

1. PARTIES TO A FORECLOSURE—*decree of foreclosure where a subsequent purchaser from the mortgagor is not made a party—whether void.* In a suit to foreclose a mortgage, where the mortgagor is made a defendant, the decree of foreclosure is not void for the reason that a subsequent purchaser from him is not made a party to the proceeding.

2. EJECTMENT—*whether it will lie.* The interest of such subsequent purchaser, which is the right to redeem, remains unaffected by the decree, but he can not maintain ejectment against the purchaser at the foreclosure sale.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

This was an action of ejectment, brought by Kilgour against Wood, to recover the possession of certain premises. Upon a hearing in the court below, the court found the issues for the defendant, and rendered judgment accordingly. The plaintiff brings the record to this court.

Messrs. KILGOUR & MANAHAN, for the plaintiff in error.

Messrs. WILKINSON, SACKETT & BEAN, for the defendant in error.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Both parties deduce title from the same source.

Plaintiff below (appellant here) introduced a deed to Bressler, the common source of title, recorded August 18, 1856, and proved his possession of the premises; also a deed from Bressler to Brink, recorded May 24, 1859; a judgment in favor of Samuel Kilgour, against Brink, rendered October 5, 1857; execution issued within the year, and a second execution which was levied on the land, showing a sale to plaintiff in December, 1860, and a sheriff's deed; also a deed from Brink to Myers, recorded September 15, 1859; and proved possession of defendant.

The defendant, to sustain the issue on his part, introduced in evidence a mortgage from Bressler, on the same land, recorded August 16, 1856; foreclosure proceedings thereunder and a sale, and deed to the purchaser; and then a regular chain of title from the purchaser to defendant.

In the bill to foreclose, neither Samuel Kilgour, Myers nor plaintiff, were parties, though the judgment in favor of Kilgour and the deed to Myers were prior to the commencement of foreclosure proceedings; but the mortgagor and his grantee, Brink, and five other persons, whose interests do not appear, were before the court when the decree was rendered.

The bill and decree are not in the record, and it is not entirely satisfactory what party held the equity of redemption at the date of the decree

The plaintiff, however, insists that Myers had the equity of redemption; that there was a judgment creditor, and as neither was made a party, the court had no jurisdiction, and the decree as to the land in controversy was void.

The court had jurisdiction of the subject matter and of the parties before it.

What was the condition of the parties at the time? The mortgagee was the owner of the fee as against the mortgagor and all who claimed under him, and might have recovered the premises in ejectment against them. *Carrol* v. *Ballance*, 26 Ill. 9; *Nelson* v. *Pinegar*, 30 Ill. 473. The mortgagor and his assignees had only the right of redemption, for there had been a forfeiture of the condition of the mortgage. This right is purely equitable, created by courts of equity, and can only be asserted in them. While it is true that the complainant, as the assignee of the mortgagee, did not receive the legal title, yet the assignment of the debt carried with it, in equity, as an incident, all the interest of the mortgagee in the land mortgaged. The foreclosure and sale thereunder vested the legal estate in the purchaser, subject to any equity which had not been barred. After condition broken, the party holding the equity of redemption might have exercised his right upon equitable terms. After foreclosure, if he was not a party, he has the same right.

Concede that the decree did not affect the right of redemption, still it should not be declared absolutely void. The decree and sale may be upheld, and at the same time the equity of redemption maintained. The mortgagor was a party to the decree, the sale was fair and regular, and the purchaser at the judicial sale should be protected.

The right to redeem may subsist without pronouncing the decree void, and the possession, consequent upon the purchase, a trespass.

This is the effect of the decision in *Ohling* v. *Luitjens*, 32 Ill. 23. The court held that as the owner of the equity of

redemption was not a party, his right to redeem was unaffected by the decree, and that he was entitled to the advantages belonging to his position.

In *Outter* v *Jones*, 52 Ill. 85, the case in 32d was referred to, and the same construction given; and it was held that a decree of foreclosure was not void because a subsequent purchaser from the mortgagor was not a party to the proceeding.

The grantee of the mortgagor was barred of no right by the foreclosure. He has not been injured or deprived of any equity, and upon no principle of law ought he to be permitted to dispute the title for the reason assigned.

The case of *Watson* v. *Spence*, 20 Wendell, 260, has been cited by appellant to sustain his view. The peculiar language of the master's deed may have controlled the decision to some extent. The court referred to it in the opinion, and stated that the decree and master's deed expressly saved the rights of all persons not made parties; and held that as all interest had passed from the mortgagor, and he was the only party, the decree was void as it respected the purchasers under the mortgagor.

In *Frische* v. *Kramer*, 16 Ohio, 125, the court dissent from the decision in *Watson* v. *Spence;* and it was held that the mortgagee had the legal interest as between the parties to the mortgage; that in a bill to foreclose he should make the mortgagor and all persons who have acquired interests parties; but that the decree was not void as to the vendee of the mortgagor because the vendee was not made a party. The object of the bill was to sell the legal title, which was in the mortgagee. The purchaser at the sale under the decree of foreclosure takes the interest of the defendants, and also of the mortgagee, divested of any equity of redemption on the part of all persons who were parties. A junior vendee of the mortgagor, not a party, is not affected. His interest remains the same. What is it? It is the right to redeem, but not to bring ejectment.

In the case at bar, the only right of the persons not made parties to the proceedings to foreclose was the right of redemption, and they should not be permitted to have possession of the premises while the mortgage remains unpaid, and after condition broken.

We think the decision of the court in Ohio is based upon better reason and authority than the one in New York, and prefer to adopt it.

The same ruling has been followed by the Supreme Court in Wisconsin. *Talman* v. *Ely,* 6 Wis. 244.

The judgment is affirmed.

*Judgment affirmed.*