# HUGHES & McCART

## *v.*

## JAMES FRISBY.

1. EVIDENCE—*practice in chancery as to rejecting.* In chancery proceedings the presumption is, that the court hears and considers all the proper evidence, and decides on the proper and rejects the improper evidence, and when taken to this court it is considered in the same manner, and a decree will not be reversed if sustained by proper evidence.

2. PAROL EVIDENCE—*to show sale under decree was made subject to mortgage.* Where land is sold under a decree of foreclosure which directs the sale to be subject to the mortgage, as to the notes not due, and the master's report of the sale is silent as to the fact, parol testimony is admissible to show that the master announced the sale as subject to the lien of the mortgage.

3. MORTGAGE—*whether sale on foreclosure destroys lien as to debt not due.* Where a decree of foreclosure directs a sale subject to the mortgage for the unforeclosed part of the debt, and the sale is so made under an announcement to that effect, the failure of the master to state that fact in his certificate of purchase and report of sale, and its confirmation, will not affect or modify the original decree and waive or release the lien reserved.

4. The law does not require that the notice of a sale under a decree of foreclosure should state it is subject to any further lien, when the decree makes it so, but it will be sufficient for the master to so announce when he offers the property, nor is it necessary that the certificate of purchase should show that fact.

5. SAME—*when sale extinguishes entire mortgage.* Where a foreclosure of a mortgage is had before the whole debt is due, and the decree directs a sale for debt due, subject to the lien for the part not due, if the mortgagee, the holder of the entire debt, purchases and receives a deed for the premises, it will be a satisfaction of the whole debt, but if redemption is made

from the purchaser by the mortgagor, or a judgment creditor of the mortgagor, the debt not due at the sale and the lien will remain in force, and the mortgagee may again foreclose as to it.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. HUGHES & McCART, *pro sese.*

Messrs. McNULTA, ALDRICH & KERRICK, and Messrs. BLOOM-FIELD, POLLOCK & CAMPBELL, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In October, 1870, defendant in error sold to one Robert L. Scott a tract of land in McLean county, and received his five promissory notes, falling due annually, and amounting in the aggregate to the sum of $3100; and to secure their payment, took a mortgage on the land. When the first note matured, not being paid, defendant filed a bill to foreclose the mortgage for the payment of the same. Before a hearing was had the second note matured, and he filed a supplemental bill alleging the fact, and praying that the mortgage be likewise foreclosed for its payment. On a final hearing the court rendered a decree that the mortgagor pay to complainant $1528.80 in a time specified in the decree, and on default thereof, the mortgaged premises be sold, or so much thereof as necessary to pay the same. The decree provided that such sale should be subject to the balance of the mortgage debt, and required the master in chancery to execute a certificate of purchase.

The money was not paid and the master sold the land as directed by the decree, and defendant in error became the purchaser. After the expiration of a year from the date of sale, and before fifteen months had expired, plaintiffs in error, as judgment creditors, redeemed from the master's sale, and in due time, no further redemption having been made, the sheriff made to them a deed for the land. Afterward defendant in error commenced this suit to foreclose two of the remaining notes which had matured. On the hearing in the court below the

relief was granted, and the land ordered to be sold in default of the payment of the sum then found due. To reverse that decree the case is brought to this court on error.

It is urged that, inasmuch as the certificate of the master in chancery did not recite that the sale was made subject to the lien for the unpaid notes, and as the deed had no such recital, and it was omitted in the master's report, and the same was approved as made, defendant in error thereby waived the lien, and plaintiffs in error took the property by their redemption and purchase, free from the lien reserved in the decree. It also appears, that after the time for a redemption had expired, defendant in error applied to the court for leave to the master to amend his report so as to show that the sale was, in fact, made subject to the mortgage to secure the unmatured notes. But the motion was denied. The evidence shows that the master announced at the sale, that it was made subject to the lien of the mortgage for the remainder of the debt. It is insisted that this evidence was inadmissible, and that it was error to receive it.

In chancery proceedings, where the evidence is heard and considered by the court, the same rules as to the admission of evidence, do not apply as strictly as in jury trials. In such cases the presumption is that the chancellor hears and considers all the proper evidence before him in the case, and decides it on the proper and rejects the improper evidence. When the case is removed to this court it is considered in the same manner, and if it appears the decree is proper on all of the legitimate evidence in the record, it will be affirmed, otherwise it will be reversed. We shall, therefore, so consider the case, and determine whether the decree is or not correct.

But we fail to see that the proof of the fact that the master did announce the sale as being made subject to the lien, in anywise contradicted or explained the record. It was silent as to whether the announcement was or not made at the sale. Whether he did or not was a fact outside of the record, but it was a fact, nevertheless, connected with the sale. It was, no doubt, admissible to show, or as tending to show, that defend-

ant in error was not intending to waive or release the lien of
the mortgage for the balance of the debt. So far as the ques-
tion of such a release is involved, the intention of the mort-
gagee is no doubt important. If there was such a release or
waiver of the lien, it was not by any direct act manifesting
such an intention; but it must, if at all, arise alone by impli-
cation. All the evidence considered, we are clearly of opinion
that defendant in error had no intention of waiving the lien.
Such an intention nowhere appears in the record.

The decree, in terms, directs that the sale shall be made
subject to the mortgage for the unforeclosed balance of the
money. The sale was, in fact, so made, as it was so announced
when the master made it. Then, did the failure of the master
to state the fact in his certificate of purchase and report of the
sale to the court, and its confirmation, alter or amend the
decree under which the sale was made? We think not. None
of these acts are in contravention of that provision of the
decree. Had the certificate of purchase declared that the sale
was made without being subject to the lien, and it had been so
reported and confirmed by decree, then defendant in error
would have been estopped from insisting on the lien. That
would have been a modification of the original decree by the
decree of affirmance. But no such question is presented by this
record. The certificate of purchase and report state that the
sale was made, but do not give the particulars attending the
sale. The law does not require, nor did the decree, that the
notice should specify that the sale was subject to the lien. It
was sufficient that the master so announced when he offered
the property. Nor is there any legal requirement that the
certificate of purchase should contain more than it does.

Nor could the fact that the report of the master was silent
as to the matter, that the sale was made subject to the lien, in
anywise change the result or affect the rights of defendant in
error. It was not his act. He neither knew of nor approved
it, and hence could not be affected by it. Had the sale been
made without such notice and he had been present and ap-
proved the act, and plaintiffs had been misled to act on his ap-

proval, then he would, no doubt, have been estopped to claim rights inconsistent with such approval. But he is chargeable with no such act. When the report was made the court had the right to infer that the terms and the requirements of the decree had been observed.

The decree was a matter of public record, and was notice to the world, and all persons claiming through or under it are supposed to have known its terms and are bound by its provisions. In this case plaintiffs in error claim all of their rights by virtue of the decree and the sale under it. They, by their redemption from the purchase by defendant in error under this decree, virtually became higher bidders under the decree; and they are presumed to have examined the decree before they became purchasers under it. Or if not bidders, they became, by operation of law, assignees of defendant in error, and succeeded to his rights, and no more, by the redemption from his purchase. As an assignee under the provisions of the statute, which has failed to annex any terms to such an assignment, it must be held that they succeeded to his rights, and nothing more. Had the decree been void the purchase by defendant in error would have been, and so would that of plaintiffs in error. So, when the decree imposed conditions on the sale, defendant in error purchased subject to those conditions, and plaintiffs in error, when they redeemed and purchased, took subject to the same conditions.

Suppose some other person had purchased in the first place, as defendant in error did, and there had been no redemption, could he have resisted a foreclosure for the balance? We presume not, and for the reason, he knew, or was supposed to know, that under the decree he could only purchase subject to the mortgage for the balance of the debt.

Again, according to the doctrine in the case of *Weiner* v. *Heintz*, 17 Ill. 259, the bid of defendant in error was for his entire debt, due as well as that to fall due. It was a satisfaction of the mortgage, and if so, then his bid was virtually for the entire amount of his debt, which was more than $3000. It was not necessary that he should, in terms, bid more than the amount of

the decree, to produce a satisfaction of his debt, if not redeemed by the mortgagor. Had it been redeemed by the mortgagor then he could have foreclosed for the balance of his debt. Had any one else purchased and no redemption had followed, the purchaser would have acquired title subject to the unpaid balance. Had the mortgagee's purchase ripened into a title, he would have held the land with his entire debt satisfied. But plaintiffs in error having redeemed and sold, they took it subject to the lien reserved in the decree, and they must, to render their title availing, redeem from the unsatisfied portion of the mortgage. Failing to do so, their title will be cut off and destroyed by a foreclosure for the balance. By paying that they will become invested with the title. But the lien of the decree for the balance of the mortgage debt was not cut off by the sale, but, on the contrary, the purpose of the decree was to prevent such a result.

The refusal of the court to permit the master to amend his report was, no doubt, for the reason that the court properly held that plaintiffs in error took subject to the lien reserved in the decree, for the balance of the mortgage debt, and because, if for no other reason, the motion came too late. The refusal to set aside the sale was for the reason, that plaintiffs in error purchased subject to the amount found due by this decree, and in which there was irregularity.

Perceiving no error in this record, the decree of the court below is affirmed.

*Decree affirmed.*