JAMES ALSUP

*v.*

HENDERSON STEWART.

*Opinion filed February 21, 1902.*

1. LIMITATIONS—*possession protected by the Limitation act is adverse possession.* The possession contemplated by the Statute of Limitations and protected by it is adverse possession which must be hostile and under a claim of right, and not in recognition of the title of the real owner.

2. SAME—*possession by grantee of mortgagor is subordinate to a mortgagee's title.* Possession by the grantee of a mortgagor is in subordination to the title of the mortgagee to the same extent as that of his grantor, and it cannot cease to be of that character until there is an open assertion of a distinct title with the knowledge of the mortgagee.

3. SAME—*payment of taxes by mortgagor's grantee establishes no right under Limitation act.* It is the duty of a mortgagor in possession to pay the taxes, and neither he nor his grantee can acquire any rights under the Statute of Limitations by discharging that duty.

4. MORTGAGES—*effect where mortgagor's grantee is not a party to foreclosure.* If a subsequent purchaser from a mortgagor is not made a party to the foreclosure his right to redeem will be unaffected by the decree, but the legal title to the premises is sold at the sale and passes by the master's deed.

APPEAL from the Circuit Court of Massac county; the Hon. A. K. VICKERS, Judge, presiding.

JAMES C. COURTNEY, and C. M. FOUTS, for appellant.

SAWYER & EVANS, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant brought this suit in ejectment in the circuit court of Massac county to recover the south-east quarter of the south-west quarter of section 25, township 16, range 6, in said county. There was a plea of the general issue, and a jury being waived there was a trial by the court. The issue was found for the defendant and judgment was entered against the plaintiff for costs.

Both parties claimed title from George A. Romines, a former owner of the land, plaintiff claiming through a mortgage executed by said Romines and the defendant through a subsequent deed of said Romines. On August 20, 1875, Romines executed the mortgage to Thomas Willis to secure the payment of $100, with interest. On February 28, 1876, Romines made a deed of the land to the defendant, Henderson Stewart, who went into possession and has been in possession ever since. The mortgage was foreclosed in the circuit court of Massac county, and a decree was entered April 15, 1878, finding the amount due and ordering a sale of the land to satisfy the same. The widow and heirs-at-law of George A. Romines, then deceased, were defendants to the foreclosure suit, but the defendant in this suit, who had bought the land subject to the mortgage, was not made defendant. The land was sold, under the decree, to the mortgagee, Thomas Willis, and not being redeemed, the master in chancery executed a deed to him November 14, 1879. Thomas Willis executed his deed of the land to F. M. Clanahan, May 23, 1880. The next day, May 24, 1880, the defendant entered

into a contract with Clanahan for the purchase of the land. Clanahan executed a bond for a deed to the defendant, and the defendant executed his note for $177.90, with eight per cent interest, due on or before October 1, 1880. The bond was conditioned for the conveyance of the land on payment of this note. The defendant made payments on the note, and afterward, by endorsement on the bond, assigned the same to the plaintiff, who was his surety on a note to Clanahan. Plaintiff paid up the amount remaining due on the note to Clanahan, who executed a deed of the land to plaintiff on September 23, 1896. The defendant paid the taxes on the land from 1877 to 1883, inclusive.

The plaintiff proved record title in himself, but it is contended that the defendant made out a complete defense under the seven years limitation fixed by section 4 of the Statute of Limitations, in case of possession of land by actual residence thereon under a connected title, in law or equity, deducible of record, and also established title under section 6 of said statute, protecting persons in the actual possession of lands or tenements under claim and color of title made in good faith, with payment of taxes for seven successive years. (2 Starr & Cur. Stat. 1896, pp. 2604, 2605.) He did not establish a defense under either of those sections, and the relations of the parties were such that he could not avail himself of their provisions. The possession required by the Statute of Limitations and protected by it is adverse possession, and the payment of taxes by the grantee of a mortgagor in possession of the mortgaged premises is not such a payment as is required by the statute. The possession must be an actual, visible, exclusive appropriation of the land, commenced and continued under a claim of right. It must be hostile in its inception and so continue. (*Whiting* v. *Nicoll*, 46 Ill. 230; *Medley* v. *Elliott*, 62 id. 532.) The possession of a mortgagor is not hostile to the title of the mortgagee or inconsistent with it. (*Chickering* v. *Failes*,

26 Ill. 507.) The grantee of a mortgagor occupies the same position as his grantor, and has no greater right. The privity between the parties precludes adverse possession, and the possession of the grantee is in subordination to the title of the mortgagee to the same extent as that of his grantor. It cannot cease to be of that character until there is an open assertion of a distinct title with the knowledge of the mortgagee. (*Medley* v. *Elliott, supra.*) It is the duty of the mortgagor in possession to pay the taxes on the mortgaged premises, and he can acquire no rights under any limitation law by the discharge of that duty. The mortgagee may regard the payment as a protection of his interest, and it is as much the duty of the grantee of the mortgagor to pay the taxes as it is the duty of the mortgagor himself. A purchaser from the mortgagor stands in his shoes, and is charged with notice of the mortgage and its legal effect. (*Norris* v. *Ile,* 152 Ill. 190.) "The possession of the mortgagor is consistent with the rights and estate of the mortgagee, and in no sense adverse until a repudiation of the mortgage and denial of the right and title of the mortgagee, so open and notorious that knowledge on his part will be presumed." (1 Am. & Eng. Ency. of Law, 815.) Defendant succeeded to the rights of Romines, but he was in no better condition. His possession was not adverse, and it was his duty to pay the taxes on the mortgaged premises.

Defendant was not made a party to the suit for the foreclosure of the mortgage, but that did not prevent the sale of the land and the transfer of the legal title, as has repeatedly been decided in this court. It is not the mortgage lien that is sold, but the property itself. If a subsequent purchaser from a mortgagor is not made a party to the foreclosure his right to redeem will be unaffected by the decree, but the legal title to the mortgaged premises is sold at the sale and passes by the master's deed to the purchaser. (*Cutter* v. *Jones,* 52 Ill. 84; *Kelgour* v. *Wood,* 64 id. 345; *Taylor* v. *Adams,* 115 id. 570.) By the foreclos-

ure, and the subsequent sale and master's deed, the legal title to the premises passed to Willis, and through subsequent conveyances became vested in the complainant. Certainly, up to the time of the conveyance to Willis, November 14, 1879, the possession of the defendant was consistent with and subject to the title under the mortgage. The fact that he had paid taxes could not avail anything to him, and not having been made a party to the foreclosure his relation to the legal title was not changed. He remained in possession with a right to redeem, and he bargained for a conveyance of the legal title on May 24, 1880. His possession, under the executory contract of purchase, was not adverse to Clanahan so long as the purchase money was not paid. An adverse possession must be hostile and under a claim of right, and not in recognition of the title of the real owner. (*Morse* v. *Seibold*, 147 Ill. 318.) Whether the contract of purchase would be available as an estoppel to dispute the title of Clanahan in an action of ejectment or not, it was a recognition of his title, and the evidence was admissible to show the real character of the possession by the defendant. (1 Am. & Eng. Ency. of Law,—2d ed.— 797.) The evidence showed that he recognized the title derived through the mortgage by contracting to purchase it and making payments on his contract. The defendant, having an equity of redemption, bargained for the legal title and then assigned his contract to his surety. He could not set up against such surety, to whom he had assigned the bond, a title under the Statute of Limitations by reason of a possession which was not adverse or on account of the payment of taxes which he was bound to pay.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*