**Anna Hoffman et al., Appellants, v. John Hanley, Sr. et al., Appellees.**

Gen. No. 5,908.

1. MORTGAGES, § 605*—*rights of foreclosure purchaser when heirs of a comortgagor not made parties.* Where, in an action to foreclose a mortgage executed by a husband and wife who were tenants in common of the mortgaged premises, the wife died pending the suit and her death was suggested of record on the mistaken assumption that she had only a dower interest in the premises and the case proceeded to a decree without making the wife's heirs parties, *held* that the heirs of the wife were not bound by the decree, and that the purchaser at the foreclosure sale was not thereafter entitled to file a bill to subject the interest of such heirs to the lien of the mortgage.

2. MORTGAGES, § 677*—*when mortgage sale discharges the mortgage.* When a mortgage sale realizes the whole amount of the

* See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

debt, interest and costs, the mortgage has expended its force and the property is no longer subject to its provisions.

3. MORTGAGES, § 605*—*caveat emptor.* The rule of *caveat emptor* applies to foreclosure sales.

Appeal from the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 31, 1914.

H. H. DICUS and EDWARD L. EAGLE, for appellants; RUSSELL JACKSON, of counsel.

JOSEF T. SKINNER, for appellees John Hanley, Jr., and Joseph Gentz, Jr.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

Appellant Anna Hoffman filed a bill to foreclose a mortgage on a lot in Spring Valley, Illinois, given by appellee John Hanley, Sr. and his wife Isabella Hanley, who held the title to the land as tenants in common, to secure Hanley's debt of five hundred and fifty dollars, making Hanley and his wife and the tenant in possession defendants. While the suit was pending Mrs. Hanley died intestate, leaving five children surviving. Her death was suggested of record, but on the mistaken assumption that she had in her lifetime only a dower interest in the land, the case proceeded to a decree, finding that she had only a dower interest, without making her heirs parties. Anna Hoffman bid at the master's sale under the decree a sufficient amount to cover the debt and costs and received a master's certificate of purchase, which she assigned to August Uihlein, now deceased, and he in due time received a master's deed of the premises.

Afterwards, discovering the mistake as to the title, the appellants Anna Hoffman and Robert Uihlein, executor, filed this bill to subject the interest of the five children to the lien of the mortgage. Three of the children were adults and were defaulted for want of

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

answer.  A guardian *ad litem* was appointed for the two that were minors and answered for them.  There was a trial before the chancellor in which the above facts appeared in evidence, and a decree dismissing the bill for want of equity, from which this appeal is taken.

It is not contended that the foreclosure proceedings have any effect on the rights of the heirs of Isabella Hanley by way of binding them by any of the provisions of the decree, but it is argued that they inherited only an equity of redemption in the land, and have no greater rights than Isabella Hanley had in her lifetime.  We presume they have only the rights she would have if living and not a party to the action.  She owned only an equity of redemption in her half interest in the land until the mortgage debt was satisfied; and until that time she would have been compelled to redeem to clear her title, and failing to do so the mortgage could have been foreclosed as to her interest in the land as well as the interest of her husband.  But on the satisfaction of the mortgage debt, either by payment by her husband, the debtor, or otherwise, her title was discharged from the mortgage.  The effect of the foreclosure decree and sale for the amount due on the mortgage debt was to satisfy the debt and discharge the mortgage.  The court so held in *Ohling v. Luitjens,* 32 Ill. 23, a case very similar to this, and we do not find that decision overruled or modified in later cases.  It seems to us controlling here.

When the mortgage sale realizes the whole amount of the debt, interest and costs, the mortgage has expended its force and the property is no longer subject to its provisions.  *Bogardus v. Moses,* 181 Ill. 554; *Ogle v. Koerner,* 140 Ill. 170; *Davis v. Dale,* 150 Ill. 239; *Rawson v. Bethesda Baptist Church,* 221 Ill. 216.  The law has been applied in foreclosure sales, where the purchaser neglected to take out a deed within five years in cases that seem to work more hardship than

this case. *Lightcap v. Bradley*, 186 Ill. 510, and later cases following that decision.

The hardship here comes from a mistake by a purchaser at a judicial sale as to the title he will acquire by his purchase. Many cases have arisen where such mistakes have been made, and the law has been long settled that the rule of *caveat emptor* applies.

The decree is affirmed.

*Affirmed.*