Kathryn Culver, Appellee, v. Lincoln Savings and Building Association, Appellant.

Gen. No. 8,652.

92

Opinion filed May 8, 1933.

CATRON & HOFFMANN, for appellant; HOOPES & PEFFERLE, of counsel.

ROBERT MATHENY and BARBER & BARBER, for appellee.

Mr. Justice Shurtleff delivered the opinion of the court.

This is an appeal by a junior decree creditor (who had not been made a party to a suit to foreclose appellee's first lien mortgage), from a decree entered December 23, 1931, requiring appellant to redeem by May 27, 1932, either by paying (a) the amount of the first lien mortgage debt, or (b) the amount bid by appellee mortgagee at the foreclosure sale; and in default thereof, foreclosing all rights of appellant in the premises.

Appellee's bill alleged the execution, delivery (May 16, 1927), and recording (May 25, 1927), of a mortgage to her for $15,000 and interest; the subsequent conveyance by the mortgagor of the mortgaged real estate to Henry E. McClintick; the default in payment November 16, 1929, and the filing on July 31, 1930, of a suit to foreclose the mortgage against the mortgagor, McClintick, and all junior mortgagees, tenants and judgment creditors (excepting appellant); the entry of a decree for foreclosure and sale February 4, 1931, finding the mortgage debt and interest (without costs or solicitor's fees) to be $16,552.87; the sale of the mortgaged property by the master in chancery to appellee on February 27, 1931, for $14,839.22; that appellant was not made a party to the foreclosure suit, although it had, on May 12, 1930, recovered in the circuit court of Menard county, Illinois, a deficiency decree against said McClintick for $5,906.48 and had filed a transcript thereof in Sangamon county, Illinois, on July 7, 1930, 24 days before the filing of the foreclosure suit; and the bill asked an adjudication of the validity of the mortgage and that the foreclosure proceeding thereon was regular in all respects except the omission of appellant as a party defendant, and asked also that a decree be entered providing that if there be no redemption by the mortgagor or his assigns

within 12 months from the foreclosure sale, appellant be allowed to redeem by paying either the amount of the mortgage indebtedness or the amount bid at the foreclosure sale, by May 27, 1932, and, in default of such redemption, be foreclosed of all interest in the realty.

The court overruled appellant's demurrer to the bill of complaint and appellant, upon electing to stand by its demurrer, was defaulted and a decree *pro confesso* entered in accordance with the prayer of the bill as above stated.

No complaint is made as to the time or terms allowed for redemption. Appellant's sole contentions are that where a mortgage is foreclosed and the mortgaged premises are sold under a decree of foreclosure, the property is thereby discharged from the lien of the mortgage, and a judgment creditor who was not made a party to the foreclosure proceeding has a first lien upon the property, as against the purchaser at the foreclosure sale; and that appellee has no such interest in the property as to entitle her to maintain her suit against appellant.

Appellant contends that where a mortgage is foreclosed and the mortgaged premises are sold under a decree of foreclosure, the property is thereby discharged from the lien of the mortgage, and a judgment creditor who was not made a party to the foreclosure proceeding has a first lien upon the property, as against the purchaser at such foreclosure sale, citing: *Wehrheim v. Smith,* 226 Ill. 346; *Hoffman v. Hanley,* 187 Ill. App. 551; *Ohling v. Luitjens,* 32 Ill. 23; *Strause v. Dutch,* 250 Ill. 326; and *Hack v. Snow,* 338 Ill. 28.

Not all of the cases go as far as stated by appellant. *Wehrheim v. Smith, supra,* goes only so far as to hold that a judgment creditor, not made a party to the foreclosure suit, is not affected by the decree.

In *Hoffman v. Hanley, supra,* it is held that the rule only applies when the premises are sold for an amount

sufficient to pay the mortgage debt in full. In *Ohling v. Luitjens, supra,* it was held that the complainants had an adequate remedy at law. In *Strause v. Dutch, supra,* the rule laid down applies only to the parties to the suit and is the same holding as made in *Hoffman v. Hanley, supra.* None of the cases passes upon the identical question raised in this case. In *Hack v. Snow, supra,* it was held that the purchaser at a master's sale acquires no title, legal or equitable, by the issuance of a master's certificate, and that both before and after the sale under a foreclosure decree the owner of the equity has the same estate in the land, and where he conveys to another, after the foreclosure sale and during the redemption period, his grantee acquires the right of redemption, which, if exercised, renders the foreclosure sale and certificate null and void. It was further held that a purchaser from the owner of the equity of redemption acquires no greater rights than the former owner had. In some of the cases it is held that the mortgagee, with a deficiency judgment under the statute, is entitled to redeem.

It is further contended by appellant that although the amount received at the foreclosure sale may not be sufficient to pay the full amount of the mortgage debt, the property is nevertheless discharged from the lien of the mortgage by such sale and cannot again be subjected to any liability under the mortgage, citing *Strause v. Dutch, supra; Hack v. Snow, supra; Hughes & McCart v. Frisby,* 81 Ill. 188. The only additional case cited is *Hughes & McCart v. Frisby, supra,* in which it is held that upon a foreclosure for a portion of the debt and the sale of the property, if the sale ripens into a conveyance, the mortgage is exhausted. However, if the lands should be redeemed, another foreclosure might follow. In other cases it is held, as appellant contends, that the foreclosure of a mortgage or trust deed and sale of the lands, exhausts the power of the mortgage or trust deed as a lien upon

the lands. (*Ogle v. Koerner,* 140 Ill. 170; *Davis v. Dale,* 150 Ill. 239; *Lightcap v. Bradley,* 186 Ill. 510, and other cases.)

It is elementary that the purchaser at the foreclosure sale, not being invested with the legal title to the lands, cannot maintain an action to quiet title to the lands. *Hack v. Snow, supra.* All of the principles cited by appellant are applicable to the parties to the suit and those within the jurisdiction of the court and bound by its decree. However, appellee is in a court of equity and may still have relief upon equities in her favor against parties not bound by the decree, and whose rights have not been interfered with, growing out of accident, mistake or fraud. (*Cutter v. Jones,* 52 Ill. 84; *Kelgour v. Wood,* 64 Ill. 345; *Taylor v. Adams,* 115 Ill. 570; *Walker v. Warner,* 179 Ill. 16; *Alsup v. Stewart,* 194 Ill. 595, and *Odell v. Levy,* 307 Ill. 277.)

In *Walker v. Warner, supra,* the court held: "The purchaser at the sale under the decree of foreclosure takes the interests of the defendants, and also of the mortgagee, divested of any equity of redemption on the part of all persons who are parties. Although the grantee of the mortgagor, who is not a party, is not affected, yet his interest, which remains the same, is only a right to redeem. By the foreclosure and sale and the master's deed thereunder, the legal title becomes vested in the grantee in such deed, and leaves nothing in the mortgagor, or his grantees, who are not parties to the proceeding, except the right to redeem in equity. Inasmuch as the interest of the grantee of the mortgagor, who is not made a party to the foreclosure, is merely a right of redemption, the right which he has is an equitable one, and must be asserted in a court of equity. The views thus expressed are sustained by the following authorities: *Carroll v. Ballance,* 26 Ill. 9; *Oldham v. Pfleger,* 84 id. 102; *Taylor v. Adams,* 115 id. 570; *Rose v. Walk,* 149 id. 60; *Cutter*

*v. Jones, supra; Kelgour v. Wood,* 64 id. 345; *Kenyon v. Shreck,* 52 id. 382; *West v. Reed,* 55 id. 242; *Seaman v. Bisbee,* 163 id. 91; *Barrett v. Hinckley,* 124 id. 32; *Mulvey v. Gibbons,* 87 id. 367; *Bryan v. Kales,* 162 U. S. 411; *Bryan v. Brazius,* id. 415.''

In *Odell v. Levy, supra,* the court further held:

''The decree of foreclosure as to the plaintiffs in error was void. They were not parties to it. They were the equitable owners of the equity of redemption, and it is well settled that a decree of foreclosure in a proceeding to which the person having the equity of redemption is not a party is a nullity as to him. (*Rodman v. Quick,* 211 Ill. 546.) There was no authority for making them parties to the decree of foreclosure and binding them by the sale made under it by means of a supplemental bill. Since the decree was void as to them, the court could not in any kind of a proceeding give it any validity against them. Their land was subject to the mortgage debt in accordance with the terms of the mortgage, which could be enforced against them only in accordance with the usual and ordinary process of foreclosure. A decree to which they were not parties was not even *prima facie* evidence against them of anything and they could not through any proceeding be bound by its terms. The purchaser at a foreclosure sale upon a decree to which the owner of the equity of redemption is not a party and which is therefore void as to him becomes the equitable assignee of the mortgage and acquires the legal title to the land which was in the mortgagee, but the right of the owner of the equity of redemption to redeem will be unaffected by the decree. (*Cutter v. Jones,* 52 Ill. 84; *Kelgour v. Wood,* 64 id. 345; *Alsup v. Stewart,* 194 id. 595; *Rodman v. Quick, supra.*) If the supplemental bill can be maintained as an adjunct or addition to the original suit, it must be regarded, so far as the plaintiffs in error are concerned, as an original suit, con-

stituting, together with the original bill, one case, which the complainants were bound to prove in its entirety against the defendants from the beginning."

In the case at bar appellee's bill is a bill requiring appellant to redeem; it is also a bill to foreclose and prays for alternative relief and there is a prayer for general relief.

In *Rodman v. Quick,* 211 Ill. 546, it is held that: "Where the foreclosure proceedings are irregular for the want of proper parties and the mortgagee purchases at the sale, it amounts to no more, so far as relates to the rights of persons not made parties, than an entry for condition broken, and if a stranger to the proceedings and mortgage becomes a purchaser, he will, as to those not made parties and having an equity of redemption, take an equitable assignment of the mortgage. *Jackson v. Bowen,* 7 Cow. 13; *Robinson v. Ryan,* 25 N. Y. 320; *Ten Eyck v. Casad,* 15 Iowa 524.

"If, then, as to appellant, the foreclosure proceeding and sale were null, it must follow that appellant's right to redeem does not depend upon or is not affected by such proceeding and sale, but is controlled by the equitable rights existing between appellant and Mrs. Quick, as holder of the mortgage. Divested of the features of the foreclosure proceeding and sale, the rights of Mrs. Quick under the mortgage, so far as they relate to appellant, were, to have the amount of her debt, with interest to the time of the redemption, together with such taxes and interest thereon as she may have paid under authority of her mortgage and to preserve title, and there might be added thereto necessary repairs. But these amounts could not be augmented by costs and attorneys' fees in the foreclosure proceeding, by which appellant is held not to be affected because not made a party thereto. 2 Jones on Mortgages, sec. 1084; *Gage v. Brewster,* 31 N. Y. 218; *Moore v. Cord,* 14 Wis. 213; *Benedict v. Gilman,* 4

Paige, 58; *Vroom v. Ditmas,* 4 id. 526; *Bondurant v. Taylor,* 3 G. Greene, 561; *Hosford v. Johnson,* 74 Ind. 479; *Gaskell v. Viquesney, supra; Jones v. Dutch,* 92 N. W. Rep. 735; *Dougherty v. Kudat,* 93 id. 317; *Childs v. Childs,* 10 Ohio St. 339; *Williams v. Rouse,* 124 Ala. 160.''

There is no question of estoppel in this case. The estoppel or binding force and effect of a judgment or decree is limited to the parties to the proceeding. The estoppel is mutual as between the parties; and only those who are bound by the judgment or decree can claim its benefits.

Since the doctrine of *res adjudicata* has no application against or in favor of anyone not a party or privy, no one not a party can claim the benefit of it. (*People v. Amos,* 246 Ill. 299; *MacDonald v. Dexter,* 234 Ill. 517.)

As to the appellant in this case, under the authority of *Rodman v. Quick, supra,* and *Odell v. Levy, supra,* it has no further rights in the premises than the right of a creditor under the statute to redeem. Appellee's rights in equity consist of all the equities with which she is clothed by virtue of the mortgage or trust deed and the unpaid balance of the mortgage debt. The proceedings had in the foreclosure and sale of the lands heretofore, so far as appellant's rights are concerned, amount to no more ''than an entry for condition broken.'' Appellee does have a right to foreclose her mortgage as against the rights of appellant until her mortgage debt is fully paid. Under the authorities cited, this proceeding is an original proceeding against appellant, to foreclose appellant's lien rights and claims in and to said lands, and will involve another sale.

While the parties defendant to the former foreclosure proceeding acquired equities upon redemption in the sale of the lands, and their purchase by appellee

and the issuing of the certificate of purchase, no such right or equity accrues to appellant, because it was not a party to said cause; neither is appellant bound by any of the proceedings in said cause. In *Odell v. Levy, supra,* the cause was remanded to the circuit court and the remanding order and a decree entered. The entry of this decree and its form was appealed from and was later heard in the Appellate Court, *Levy v. Odell,* 237 Ill. App. 606, and the court held:

" 'Since the decree was void as to them, the court could not in any kind of a proceeding give it any validity against them. Their land was subject to the mortgage debt in accordance with the terms of the mortgage, which could be enforced against them only in accordance with the usual and ordinary process of foreclosure. A decree to which they were not parties was not even *prima facie* evidence against them of anything and they could not through any proceeding be bound by its terms. The purchaser at a foreclosure sale upon a decree to which the owner of the equity of redemption is not a party and which is therefore void as to him becomes the equitable assignee of the mortgage and acquires the legal title to the land which was in the mortgagee, but the right of the owner of the equity of redemption to redeem will be unaffected by the decree. . . . The relief sought by the supplemental bill was to make the decree of foreclosure already rendered, and the sale already made, binding on the plaintiffs in error. This could not be done. . . . The plaintiffs in error had a right to redeem from the mortgage even after the decree and after the sale, which were both void as to them, without paying any of the costs incurred in the foreclosure proceeding; and this would be so if they had come into court as complainants, asking to be allowed to redeem in equity. *(Rodman v. Quick, supra.)* [211 Ill. 546.] Clearly the plaintiffs in error were entitled to redeem the premises, without regard to the void decree, by the payment of notes,

with the interest, and so prevent a foreclosure or sale. Their liability could not be increased by a proceeding to foreclose the mortgage to which they were not parties. (*Moore v. Kirby,* 76 Wis. 273.) The court had no jurisdiction of the plaintiffs in error in the original suit, and the purchase price at the sale under the original decree could not be the measure of the amount required to redeem. (*Bradley v. Snyder,* 14 Ill. 263.) The plaintiffs in error are bound by the mortgage but not by the decree or sale. The statute secures to the mortgagor the right to redeem from a decree of foreclosure within twelve months after a sale under the decree, but the decree under review cuts off the right to redeem without any decree of foreclosure. The defendants in error had a right to foreclose their mortgage against the plaintiffs in error, but they could not make the plaintiffs in error parties to a decree of foreclosure rendered in their absence and without an opportunity for a hearing.' ''

This court is of the opinion that the rule should be followed, as laid down in *Rodman v. Quick, supra,* and the cases of *Odell v. Levy,* and *Levy v. Odell, supra.*

The decree in this cause, entered December 23, 1931, bound appellant by the results of the sale in the former case and found it was a beneficial sale in the interest of appellant. This was error.

The decree further found that appellant should have the right to redeem within three months after May 27, 1932. This was error. Appellant should be decreed its full statutory time to redeem following a sale in this cause of action, and appellant should not be held to pay any of the costs of the former suit and proceeding.

The decree of the circuit court of Sangamon county is reversed and the cause remanded for further proceedings, in accordance with the views expressed in this opinion.

*Reversed and remanded.*