JOSIAH B. WILLIAMS, Appellant, *v.* WILLIAM CHAPMAN *et al.*, Appellees.

### APPEAL FROM OGLE.

In enforcing a mechanic's lien, all persons interested in the land should be made parties to the suit, or the rights of those not made parties will not be affected by the decree.

Where two parties have acquired title to land, one under proceedings for a mechanic's lien, the other under proceedings to foreclose a mortgage, if the mortgagee or others interested were not made party to the suit enforcing the lien, and were ignorant of it, the title to the land derived through the mortgage will be superior.

The mechanic's lien will attach from the delivery of the materials upon the premises, and the use of them by connecting them to the freehold, not from the date of a contract.

THIS was an action in ejectment, brought by Williams against the defendant, Chapman. On the trial, Williams declared his title through the grantee from the government in 1843, by virtue of the foreclosure of a mortgage and sale under it, by deed dated March 27th, 1854. The mortgage under which he derived title was dated September 21st, 1844, filed for record for the 25th of November following. Judgment of foreclosure of mortgage was on September 11th, 1852.

The evidence for defendant was the record of a petition, proceedings thereon, and decree in a case for a mechanic's lien, in which Stephen Chapman was complainant, and Milo Kelly, Harvey Colburn and Moses Nettleton, were defendants.

It charges that a contract was made about the 1st of August, 1844, between the petitioner on the one part, and Milo Kelly and Harvey Colburn on the other, the latter being owners of the land (N. W. qr. of N. E. qr. of Sec. 27, T. 23, R. 11) for labor to be performed by the former for the latter, on the mill on the land, and that they finished the work about the 29th of May, 1845.

On the 19th of August, 1847, a jury tried the issues, found for the plaintiff, and assessed his damages at $391.61.

Upon the rendition of the verdict, the court "ordered and considered that the lien as prayed for by the petitioner, attach, and that a special execution issue for the sale of the premises." (The prayer was, that the petitioner might have the benefit of a mechanic's lien, and that the same may attach on said land and on the mill.)

Execution on this order of judgment. Sheriff's deed to S. G. Patrick. Conveyance from Patrick to Stephen Chapman. Con-

veyance from S. Chapman to William Chapman, one of the defendants. Colburn's evidence that Stephen Chapman commenced work on the mill in August, 1854, and worked till the following May.

The cause was heard before DRURY, Judge, and a jury, at May term, 1856, of the Ogle Circuit Court. There was a verdict and judgment for the defendants. The plaintiff thereupon brought the case to this court.

E. S. LELAND, for Plaintiff in Error.

W. W. HEATON, for Defendants in Error.

SCATES, C. J. The conflicting titles. here—each of which alone would appear sufficient—must depend upon the priority of lien. The one being by mortgage filed for record 25th November, 1844, subsequently foreclosed by *sci. fa.* against mortgagor, and a sale and deed; the other, on decree on petition for mechanic's lien, on a general contract for day labor as a millwright, at their value, commenced on a mill about 1st August, 1844, and completed about 29th May, 1845, with suit within six months, against mortgagor and others, not this plaintiff, a decree, execution, sale and deed.

As the question appears, and is presented in the record, the priority and title is very clearly in the plaintiff, by our own adjudications.

A short statement and review of the cases and principles governing this question will sustain our conclusion, and show the principles and reasons by which we are brought to this result. I need not cite authorities to show that none but parties, served with notice, and privies in estate, can be bound or concluded by judgments or decrees, from asserting their rights.

In construing this act, the court has laid down 'the rule that all persons in interest may and should be made parties; *Kimball et al.* v. *Cook*, 1 Gil. R. 427 ; and the rights of those not made parties are not affected by the decree, or any proceedings under it, as was said by this court, in reference to this plaintiff, in this lien case. *Kelley et al.* v. *Chapman*, 13 Ill. R. 534.

He must stand therefore before us, as if no decree had ever been rendered in the case ; even had the lien been prior in date to the mortgage. For otherwise if effect is given it to overreach the mortgage, it can only be by concluding plaintiff's rights and interests in a cause to which he was no party or privy, and without opportunity of being heard or of defending his interests. He claims under, or rather, through Kelley, the mortga-

gor, but not in privity and subordination in this sense, of parties to actions; and is not, therefore, represented by Kelley.

But independent of this right of objection to the decree as evidence against plaintiff of paramount title, the date of the commencement of defendants' lien could not have been before the 29th day of May, 1845. In *McLagan* v. *Brown et al.*, 11 Ill. R. 526, it was held that the lien under this statute will attach and commence upon the performance of the work or delivery of the materials. The same principle is in effect asserted, and the reason for alluded to in the case of *Gaty et al.* v. *Casey et al.*, 15 Ill. R. 192, where in answer to an objection to a contract made in St. Louis, having an extra-territorial effect, to create a real estate lien in Illinois, the court said: " it is not the contract which creates the lien under the statute, but it is the use of the material, furnished upon the premises, the putting them into the building, and attaching them to the freehold, which entitles the party furnishing the materials to a lien upon the premises to the extent of their value."

The same construction is put upon a statute similar to ours in *McCullough* v. *Caldwell's Executors et al.*, 3 Eng. Ark. R. 232, fixing the delivery of materials, or the completion of the work, for the commencement of the lien.

This is the most equitable construction, if the rights of others are to be regarded. While we will give the act a liberal interpretation to preserve the rights of mechanics and material men, we are not called upon to destroy all other rights, in order to foster and give efficiency to every claim and assertion of this secret incumbrance. By the delivery of material, or the bestowal of labor upon the land, means are offered others to know something of such claims for the eighteen months that may follow, within which the right must be asserted.

Were the promise or contract for the material or labor the ground of lien, or even the bare commencement to deliver the one or bestow the other, no one could possibly have any means of knowledge, and the time for completion and payment might prolong this uncertainty for years. We think the lien put upon the right and reasonable ground, the existence of a debt; for the one or the other by performance of the benefit contracted for the land, and it is immaterial, whether that debt be due or not. Rev. Stat. p. 346, Sec. 15.

A like cautiousness to prevent injury to innocent third persons is manifested in sustaining the secret lien of vendors for the purchase money. See case of *Bailey* v. *Greenleaf*, 6 Wheat. R. 46, S. C. 5 Pet. Cond. R. 235, and notes.

This will work no injustice or injury to mechanics or material

men, as they may, even against prior incumbrancers, follow the specific value of their materials and labor. Rev. Stat. p. 347, Sec. 20; *Gaty et al.* v. *Casey et al.*, 15 Ill. R. 192.

Judgment reversed and cause remanded for new trial.

*Judgment reversed.*