PRESLEY T. LOMAX *et al.*

*v.*

SATCHEL C. DORE *et al.*

1. MECHANIC'S LIEN — *enforcement of* — *a chancery proceeding.* A proceeding to enforce a mechanic's lien is a chancery proceeding, and governed by the rules applicable to such proceedings, and all persons interested in the property should be made parties to it.

2. SAME. A made a contract with B for the building of a house upon certain premises, but, prior to making it, conveyed the premises to C in trust, to secure the payment of the purchase money to D, his grantor. B filed a bill to enforce a mechanic's lien against the premises, making A alone a party defendant, and obtained a decree, under which a sale was made, B becoming the pur

chaser. C also sold the premises under the trust deed, and E became the purchaser at the trustee's sale, and went into possession under his deed. *Held*, on demurrer to a bill filed by B against E, to determine his rights in the premises, that the bill could not be maintained; that the trustee and *cestuis que trust* should have been made parties defendant to the proceedings to enforce the lien.

3. That A's interest alone, was reached by the decree in the lien suit, and the sale thereunder transferred to B only A's title, which was a mere equity of redemption.

4. That B, by his purchase, having extinguished his lien, the title he had to the premises was of a legal nature, to be enforced, if anywhere, in a court of law. But his title being junior to that acquired by E under the trust deed, no remedy at law was afforded him.

5. In such case, where two parties acquired title to the same premises, one under the proceedings to enforce a mechanic's lien, and the other by a purchase under a trust deed, the trustee and *cestuis que trust* not having been made parties to the lien suit, the title derived through the trust deed will be superior.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. CHARLES R. STARR, Judge, presiding.

This was a bill in chancery, filed in the Circuit Court of Iroquois county, by the defendants in error, Satchel C. Dore and Allen Breed, against the plaintiffs in error, Presley T. Lomax and Samuel Gray, under the 20th section of the mechanic's lien law, to determine the rights of the defendants in error, as purchasers of certain premises, under a decree rendered in their favor, against one William J. Brown, in a proceeding to enforce a mechanic's lien, the same having been purchased by one of the plaintiffs in error, Presley T. Lomax, under a trust deed, made prior to the making of the contract upon which the lien proceedings were instituted, and Brown only, having been made party defendant to such lien suit. The defendants demurred to the bill, which demurrer the court overruled, and, the plaintiffs in error having elected to stand by their demurrer, the court rendered a decree in favor of the defendants in error, decreeing that the plaintiff in error Lomax pay into court $178.37, in satisfaction of the lien, and, in case of failure or refusal, that the premises be sold by the sheriff to pay the same and costs of suit, rendering the overplus, if any, to said Lomax. To reverse this decree, the case is

brought to this court by writ of error. The further facts are stated in the opinion.

Messrs. CLARK & CHRISTIAN, for the plaintiffs in error.

Messrs. WOOD, LONG & COPP, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

It has been repeatedly decided by this court, that a proceeding to enforce a mechanic's lien is a chancery proceeding, and governed by the rules which apply to them, consequently all persons interested in the property should be made parties to the proceeding.

In this case, Brown was the sole defendant, while the record of deeds of the county where the premises were situated, showed that the legal title was in another in trust for others, Brown having only an equity of redemption. This trustee and the *cestuie que trust* should have been made parties, and the demurrer reached this objection. Brown's interest alone was reached by the decree in the lien cause, and, of consequence, the sale to defendants in error transferred only his title to them. Brown had conveyed the land, before he made the contract with the defendants in error, to one Edward A. Marye, in trust, to secure the payment of the purchase money to one John T. Lomax, from whom he had purchased the land. This was on the 6th of June, 1859, and the deeds duly recorded on the 6th of August following. On the removal of this trustee, in November, 1862, by death, the court appointed Charles H. Wood in his stead, who, on the 13th of June, 1863, proceeded to advertise and sell the land, which he did do, one Presley T. Lomax being the purchaser at the price of $5,000, to whom a deed was made and duly recorded. The defendants in error, under the decree in their favor against Brown, sold the land, purchased it themselves, and received a deed therefor.

By this purchase their lien was extinguished, and all the title they had to the premises was of a legal nature, to be enforced, if anywhere, in a court of law. Lomax, being in

possession under his deed, was in a position to be attacked by the defendants in a court of law,—equity had no jurisdiction of such a case, and, their title derived through Brown being junior to that of Lomax under the deed of trust, they would, necessarily, have failed in their action. A resort to equity in such case cannot be had. The demurrer should have been sustained for this reason.

Brown, the only defendant in the cause to enforce the lien, was in no better position, as to an interest in these premises, than a mortgagor would have been, and this court held in the case of *Williams* v. *Chapman et al.*, 17 Ill. 423, where two parties have acquired title to land—one under proceedings to enforce a mechanic's lien, the other under proceedings to foreclose a mortgage—if the mortgagee or others interested were not made parties to the suit to enforce the lien, and were ignorant of it, the title to the land derived through the mortgage will be superior. This settles the questions raised, and is decisive against the defendants in error.

The judgment of the Circuit Court is reversed and the cause remanded for other proceedings consistent with this opinion.

*Judgment reversed.*