PATRICK R. BANNON

*v.*

H. L. THAYER.

*Filed at Ottawa May 9, 1888.*

1.  PARTIES—*proceeding to enforce mechanic's lien—subsequent mortgagee.*  After a mechanic's lien had attached to lots, the owner executed a promissory note, payable to his own order, securing the same by deed of trust on the same property, and indorsed the note to a third person, to secure a loan.  D was appointed trustee, and the deed provided that in case of his death or inability to act, E should be trustee in his stead, etc. The holder of the mechanic's lien brought suit to enforce his lien, making the original owner and the trustee, D, parties, but not the holder of the note, and obtained a decree:  *Held,* that the holder of the mortgage debt, as well as the trustee, was a necessary party, and not being made a party, was not bound by the decree.

2.  SAME—*where party in interest is unknown.*  The fact that the holder of the mortgage note was unknown, afforded no sufficient excuse for not making him a party.  He should have been made a party by the description of "unknown owner" of the note.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

Messrs. HALEY & O'DONNELL, for the appellant.

Mr. C. W. BROWN, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

James Beanly, being the owner of certain lots in Joliet, made a contract with Patrick R. Bannon, on the 20th of April, 1881, to erect certain buildings thereon.  Bannon erected the buildings pursuant to the contract.  On the 8th of May, 1882, Beanly borrowed money of A. J. Wheeler, and executed his promissory note, payable to his own order, for the amount thereof, and indorsed it in blank, and he and his wife thereupon made a deed of trust of the lots in Joliet, to secure the payment of

the note, and he then delivered the note and deed of trust to Wheeler. The deed of trust was to George Woodruff, as trustee, but it provided that in the event of his death or inability, etc., to act, H. Leroy Thayer should be trustee in his stead, with full power, etc. It was duly recorded in the proper office, on the 9th of May, 1882. On the 1st of June, 1882, Beanly was found, by the proper tribunal for that purpose, to be insane, and he was thereafter confined in the insane asylum at Kankakee. On the 17th of June, 1882, Bannon filed in the office of the clerk of the circuit court of Will county his petition for a mechanic's lien, to enforce payment of the amount due him under his contract with Beanly, making Beanly and George Woodruff defendants. Woodruff died on the 26th of October, 1882, and the suit was thereafter declared to be abated as to him. Thayer was not made a party to the suit, and the only remaining party after the death of Woodruff, was Beanly, who answered by his conservator. Decree was rendered on the 8th of October, 1883, in conformity with the prayer of the petition, and Bannon, afterwards, at a sale under that decree, became a purchaser of the lots. The note held by Wheeler not having been paid, was assigned to Thayer after the petition for the mechanic's lien was filed, and before final decree thereon was rendered. The present bill is by Thayer, as the holder of the note delivered to Wheeler to foreclose the deed of trust.

Bannon has set up in his answer, and relies for a defence, on the proceedings to enforce the mechanic's lien. The lower courts held, that neither Thayer nor Wheeler having been made a party to that proceeding, Thayer is unaffected by it, and the only question here is, whether that ruling is right. We held in *McGraw et al.* v. *Bayard et al.* 96 Ill. 153, that both the trustee and the *cestui que trust* are necessary parties in such case, and this was predicated upon our previous ruling, to like effect, in *Scanlan* v. *Cobb*, 85 Ill. 296.

It is objected, that the note described in the trust deed being payable to the order of Beanly, it was impossible to find out

who was the holder, so as to make him a party. But if that had been the fact, the holder should have been made a party by the description of the "unknown owner" of the note. (Rev. Stat. 1874, sec. 7, p. 199.) We think, however, that the evidence abundantly shows that Bannon had actual notice of facts which it was his duty to have investigated, and which, upon investigation, would have disclosed the name of the holder of the note. There is no pretence of excuse for not having made Thayer a defendant in the place of Woodruff, after the death of the latter.

The judgment of the Appellate Court is, in our opinion, right. It must therefore be affirmed.

*Judgment affirmed.*