## Jessie Stone, et al. v. Helen Juvinall, et al.

1. MECHANIC'S LIEN—*when claim for, must be filed where work
done or material furnished has been pursuant to implied contract.*
Where work is done or material is furnished pursuant to an im-
plied contract, each separate item of work done or material fur-
nished constitutes a separate claim and while the aggregate of such
claims may be included in a single claim for lien, yet such claim
for lien must be filed within four months after the performance
of the first item of work or the delivery of the first item of ma-
terial.

Mechanic's lien proceeding. Appeal from the Circuit Court of
Vermilion County; the Hon. E. R. E. KIMBROUGH, Judge, presiding.
Heard in this court at the November term, 1905. Affirmed. Opin-
ion filed March 20, 1906.

BUCKINGHAM & DYSERT, for appellants.

REARICK & MEEKS, H. M. STEELY, O. M. JONES and W.
M. ACTON, for appellees

MR. JUSTICE BAUME delivered the opinion of the court.

In their amended bill for a mechanic's lien, appellants.
allege that on September 1, 1903, appellee, Helen Juvinall,
through her husband, D. M. Juvinall, entered into a con-
tract with appellants, by the terms of which appellants were
to furnish material and supplies to be used in building cer-
tain corn cribs, houses, out-houses, fences and other improve-
ments on certain described real estate in which appellee,
Helen Juvinall, had a life estate; that said material and
supplies were to be furnished at such time and in such quan-
tities as said D. M. Juvinall should direct, and that appel-
lants were to be paid what such material and supplies were
reasonably worth; that appellants actually furnished and
delivered to the agents of Helen Juvinall a large quantity of
material and supplies for the purpose of being used in said
construction and improvements, and that such material and
supplies were reasonably worth $655.53, and that amount

remains due and unpaid; that on August 9, 1904, being within four months from the date of the furnishing of said material and supplies, appellants filed in the office of the clerk of the Circuit Court of Vermilion county a verified statement of their claim, etc.

Upon the filing by appellees of their several answers to the bill, the cause was referred to a special master to take proofs and report his conclusions of law and fact. The special master filed a report wherein he recommended that a decree be entered in accordance with the prayer of the bill, and the cause was thereafter heard by the chancellor upon appellees' exceptions to said special master's report and said exceptions were sustained and a decree entered dismissing the bill for want of equity.

Considering the evidence in the record most favorable to appellants, it discloses that on September 1, 1903, they contracted with D. M. Juvinall on behalf of his wife, Helen, to furnish the material necessary for the construction of a machine-shed about 70 feet long, a cattle-shed, a crib or two, and to repair scales and fix up an old crib, all on real estate in which Helen Juvinall had a life estate. The evidence also strongly tends to show that all of the work contemplated and included in the contract for material was fully completed by February 1, 1904.

The claim filed by appellants and upon which they predicate their right to a mechanic's lien embraces various items of material furnished and delivered from time to time from September 1, 1903, to May 17, 1904. The last three items of the claim, being as follows:

April 12, 1904, 1 M. No. 1 W. C. shg.......2.00
April 27, 1904, 750......................1.50
May 17, 1904, ½ bbl. lime................. .60

The rights of other creditors, incumbrancers and purchasers being here involved, it was necessary to an enforcement of their lien for the material furnished, that appellants should within four months after completion of the contract,

bring suit therefor, or file their verified claim or lien, as provided by section 7 of the mechanic's lien law.

As the claim for a lien by appellants was filed August 9, 1904, unless the above mentioned three items of the claim are to be considered as within the contract of September 1, 1903, appellants are not entitled to enforce their lien. The lien created by the statute attaches at the date of the contract. In this case the contract shown by the evidence to have been entered into September 1, 1903, was partly expressed and partly implied, and related specifically to the furnishing of material to be used in the construction and repair of certain designated buildings and fixtures. When the materials for the construction and repair of the buildings and fixtures specified in the contract were furnished appellants' contract was completed within the meaning of the statute, and they had four months after the date of such completion within which to bring suit or file a verified claim whereby they might enforce their lien.

The buildings and fixtures to be constructed and repaired under the contract for materials therefor, having been fully constructed and repaired by February 1, 1904, appellants must necessarily have furnished all the materials therefor at or prior to that date, and in order to enforce their lien for such materials, they should have brought suit or filed a claim for lien within four months thereafter. This they failed to do, and must be held to have lost their right to enforce a lien for the materials so furnished.

The materials furnished subsequent to the completion of the work specified in the contract, were furnished upon an implied contract, and constituted a running account, each item of which is to be considered a separate claim, a lien for which was enforcible if suit was brought or verified claim for lien filed within four months after it accrued—that is, after each separate item of materials was delivered. This does not mean that a separate suit must be brought, or a separate claim for lien filed to enforce a lien for each item or claim of a running account, but that suit must be brought or claim for lien filed within four months after the first

of several items of materials constituting a running account have been delivered in completion of the contract therefor.

But conceding that the several items in appellants' claim for materials furnished subsequent to February 1, 1904, and including that of April 8, 1904, which next precedes that of April 12, 1904, could properly be held to have been furnished under the contract of September 1, 1903, the right of appellants to enforce a lien therefor must depend upon whether or not any one of the three items heretofore mentioned was for materials furnished under that contract. The claim for lien having been filed August 9, 1904, more than four months after the item of April 8, 1904, it is clear from the evidence that the items of April 12 and April 27 for 1750 shingles were not furnished under the contract of September 1, 1903, because the shingles were not used in the construction or repair of any building on the real estate in which appellee, Helen Juvinall, had a life estate, but were in fact used in repairing a shed on land belonging to D. M. Juvinall. The item of May 17, 1904, was for ½ barrel of lime which was used in plastering a dwelling house occupied by a tenant and located on the real estate against which appellants seek to enforce a lien, but the contract of September 1, 1903, did not contemplate the furnishing of materials for any such purpose.

Appellants having failed to institute suit or file a claim for lien for materials furnished within four months after completion of the contract of September 1, 1903, are barred from enforcing a lien for such materials, and the decree dismissing the bill is affirmed.

*Affirmed.*