### William H. Ellison et al. v. Bertha M. D. Miller.

#### Gen. No. 13,488.

EQUITY OF REDEMPTION—*when owner of, not entitled to rents.* The only right of one not a party to a foreclosure suit, who has acquired title from a mortgagor, subsequently to the recording of the mortgage, and who was not a party to the suit to foreclose the mortgage, is, to redeem from the sale of the mortgaged premises. Such a party, therefore, has no rights to rents accruing up to the time of the final determination of his rights by a decree of court in a proceeding to which he was a party.

Bill for accounting, etc. Error to the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed November 11, 1907.

**Statement by the Court.** Bertha M. C. Miller filed a bill against William H. Ellison, Sarah Ellison, his

wife, and others, alleging substantially as follows: March 10, 1900, Louis Tillman executed a certain promissory note for the sum of $1,750, and certain notes for interest on said principal sum, and Fred Miller became the owner and legal holder of all said notes. To secure the payment of said notes Tillman executed, March 10, 1900, to Fred Miller a trust deed of certain premises, of even date with said notes,. which was acknowledged and recorded March 10, 1900, and which contained the usual provision for declaring the total indebtedness due, in case of default in payment of the indebtedness or any interest thereon.. Such default having occurred, Fred Miller filed his bill in the Circuit Court against Louis Tillman, Thompson Y. Douglas and others, setting up the default and praying a foreclosure and the appointment of a receiver and for a deficiency decree. The bill was taken as confessed as to all defendants except Douglas, Tillman and McAuliffe, and such proceedings were had that the court decreed that there was due to the complainant, Fred Miller, the sum of $1,877.70, with lawful interest from January 25, 1901, in all $2,052.70, and that, in default of payment thereof, the premises should be sold. Thompson Y. Douglas appealed from the decree, which the Appellate Court affirmed. The order of affirmance was filed in the Circuit Court and. July 19, 1902, the premises were sold by the master, and his report of sale was confirmed by the court the same day, and a personal decree was rendered against Fred. Tillman for $199.29, on which an execution was issued,. which is still unsatisfied, and a receiver was appointed,. who took possession of the premises and retained the same till the expiration of the time for redemption. The master delivered a certificate of sale to Fred Miller, and, at the expiration of the time for redemption, executed a deed to Bertha M. C. Miller, to whom Fred Miller had assigned the certificate of sale. After the filing of the bill for foreclosure, and before the service of summons on any of the defendants to that bill,

Thompson Y. Douglas, who was the owner of the equity of redemption, conveyed the premises, by warranty deed, without compensation, to William H. Ellison, both said Douglas and Ellison having actual knowledge of the filing of said bill, for the purpose of annoying and defrauding Fred Miller. Complainant is seized of said premises, by virtue of said master's deed, and there is due to her $2,143.93, the purchase price of the premises, and interest thereon from July 12, 1902, and the premises are scant security. The bill prays for a recovery and an accounting, and that William H. Ellison be decreed to pay what may be found due to complainant, with solicitor's fees and costs, and that the premises be sold, etc., and for general relief.

William H. and Sarah Ellison filed their joint and several answer admitting the conveyance to William H. Ellison by Douglas, and that it was made to him before service of summons on any of the defendants, and denying that the conveyance was without consideration, or that it was made fraudulently, or to annoy Fred Miller. William H. Ellison filed a cross-bill setting up the proceedings in the foreclosure suit, alleging that he was not a party to the bill in that suit, and had no knowledge of the filing of the same; that the conveyance to him by Douglas was made in good faith and for an adequate consideration, and that he was the owner of the premises and entitled to the possession and the rents and profits thereof. He prays for an accounting of the rents and profits since the date of the master's deed to Bertha M. C. Miller, and that said deed be set aside, etc. Bertha M. C. Miller answered the cross-bill, denying that the cross-complainant was the owner of the premises, or entitled to the rents and profits thereof, as he claimed. Replications were filed to the answers to the bill and to the cross-bill, and the cause was referred to a master to take proofs and report the same to the court, with his opinion on the law and the evidence. The master

found that, at the time of the conveyance from Douglas to Ellison, the latter was ignorant of the pendency of the foreclosure suit of Miller v. Ellison, and was not a party thereto, and that, by said conveyance, Ellison acquired only an equity of redemption in the premises, and recommended that Ellison's cross-bill be dismissed for want of equity. The master also, in his report, stated an account, consisting of five items and showing the total amount to be due to the complainant, Bertha M. C. Miller, to be $2,179.75. The first item of the account, as stated by the master, is, principal sum due, $2,143.93. The complainant averred in her bill that the purchase price of the premises at the master's sale, in the original foreclosure suit, was $2,143.93, but subsequently to the filing of the master's report, she, by leave of court, filed an amendment to her bill averring that there was due to her, as the assignee of the principal and interest notes, the sum of $1,750, with interest; and it was ordered that the answer to the original bill stand as answer to the bill as amended.

William H. Ellison filed twelve objections to the master's report, all of which the master overruled, and the objections were ordered to stand as exceptions on the hearing. The third and fifth objections are substantially the same, namely, that the master incorrectly stated the account.

The court, by its decree, sustained the exceptions three and five to the master's report, and overruled all other exceptions, and found the principal sum due to be $1,750, instead of $2,143.90, made corrections with regard to the interest found due by the master, and found the total amount due to complainant to be $2,571.95, instead of $2,179.15, found by the master, and confirmed the report as modified. The court further found that the complainant, Bertha M. C. Miller, was seized of the premises in question, by virtue of the master's deed, and that the defendant, William H. Ellison, had an equity of redemption in the prem-

ises, by virtue of the deed from Douglas to him, and nothing more, and that Douglas, at the time of the conveyance to Ellison, had not been served with summons in the foreclosure suit, and that at the time the deed to Ellison was executed, Ellison had had no notice of that suit, and was not a party thereto, and that there was due to the complainant $2,098.67, with interest from date of decree. The court decreed that the cross-bill be dismissed for want of equity, and that, if the sum found due should not be paid within three days from the date of the decree, the premises should be sold, and, if not redeemed within the time allowed by law, the master should execute a deed to the legal holder of the certificate of sale, and that the defendants and all persons claiming under them, or any of them, should be barred from all equity of redemption. The decree was rendered November 22, 1906, and, January 28, 1907, Ellison filed a petition in the cause, averring that a decree had been entered in the cause in favor of Bertha M. C. Miller, but not against him personally; that he was not a party to the trust deed, and did not, when he acquired title, assume to pay any encumbrance on the premises, and was not a party to the suit to foreclose the trust deed, and did not purchase *pendente lite;* that the premises were sold to the complainant by the master for $2,245.27, which was all that was due her, and there was no deficiency decree; that master's certificate has been issued to complainant, by virtue of which she holds said premises; that the property is occupied by tenants, and complainant has been paid in full by the purchase, and no deficiency decree was entered. The petition prays for an order directing complainant, Bertha M. C. Miller, to turn over possession of the premises to petitioner, and that she be restrained from collecting the rents thereof, and that he be authorized to occupy the premises and to collect the rents thereof during the period of redemption, and for other relief.

The court, February 18, 1907, denied the petition,

and by the same order vacated the order appointing the receiver.

ALDEN, LATHAM & YOUNG, for plaintiffs in error.

FELSENTHAL, FOREMAN & BECKWITH, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

The contentions of counsel for plaintiffs in error are, that plaintiff in error William H. Ellison is entitled to the rents and profits of the premises described in the foreclosed trust deed, executed to Fred Miller by Louis Tillman, as shown in the preceding statement, not only from the date of the master's deed till the expiration of the time for redemption, but from that date till the date of the decree sought to be re- -versed, and that the court erred in denying his petition filed after the rendition of the decree. The trust deed was recorded March 10, 1900, and Tillman, after that date, conveyed the premises to Thompson Y. Douglas, who conveyed his interest in the premises to William H. Ellison November 3, 1900, by deed recorded November 7, 1900, and he, Douglas, was served with summons in the suit to foreclose the trust deed November 9, 1900. William H. Ellison was not a party to the foreclosure suit, nor had he any notice of its pendency, as the master found. The foreclosure decree was rendered February 11, 1901, and a deed of the premises in question was executed by the master to the defendant in error, Bertha M. C. Miller, as assignee of the master's certificate of sale, October 12, 1903, and she immediately took possession of the premises, and has since been in possession, and has collected the rents and profits thereof.

The propositions of counsel for plaintiff in error, in support of their contention that their client, William H. Ellison, is entitled to the rents and profits of the

premises, for the time above mentioned, are, first, that he not having been a party to the foreclosure suit, the decree in that suit was, as to him, a nullity, and his right as the owner of the equity of redemption was unaffected thereby; and, secondly, that he, being the owner of the equity of redemption, is entitled to the rents and profits during the time for redemption, and subsequently thereto, until the date of the decree in question. Numerous cases are cited by counsel, and their argument is, perhaps, all that can be said in support of their contention. The question, however, is not an open one in this court, the Supreme Court having frequently and emphatically held that the only right of one not a party to a foreclosure suit, who has acquired title from a mortgagor, subsequently to the recording of the mortgage, and who was not a party to the suit to foreclose the mortgage, is the mere right to redeem from the sale of the mortgaged premises. Cutter v. Jones, 52 Ill. 84; Kelgour v. Wood, 64 ib. 345; Taylor v. Adams, 115 ib. 570; Walker v. Warner, 179 ib. 16. The reason of these decisions is well expressed in Kelgour v. Wood, *supra*. The case was ejectment. Each of the parties proved a regular chain of title from a common source, one Bressler. The first link in the plaintiff's chain of title was a deed to Bressler recorded August 18, 1856, and the first link in defendant's chain of title was a mortgage from Bressler, recorded August 16, 1856. The mortgage was foreclosed and the defendant's chain of title ran to him from the purchaser at the foreclosure sale. The plaintiff was not a party to the bill to foreclose. The court held that the plaintiff could not recover in an opinion delivered by Mr. Justice Thornton, who, in his usually vigorous and concise style, says: "What was the condition of the parties at the time? The mortgagee was the owner of the fee as against the mortgagor and all who claimed under him, and might have recovered the premises in ejectment against them. Carrol v. Ballance, 26 Ill. 9; Nelson v. Pinegar,

30 Ill. 473. The mortgagor and his assignees had only the right of redemption, for there had been a forfeiture of the condition of the mortgage. This right is purely equitable, created by courts of equity, and can only be asserted in them. While it is true that the complainant as the assignee of the mortgagee, did not receive the legal title, yet the assignment of the debt carried with it, in equity, as an incident, all the interest of the mortgagee in the land mortgaged. The foreclosure and sale thereunder vested the legal estate in the purchaser, subject to any equity which had not been barred. After condition broken, the party holding the equity of redemption might have exercised his right upon equitable terms. After foreclosure, if he was not a party, he has the same right.''

Taylor v. Adams, 115 Ill. 570, is to the same effect. It is not claimed that the decree in the foreclosure suit was void, on the ground that plaintiff in error, William H. Ellison, was not a party to it, and manifestly it was not. Cutter v. Jones, Kelgour v. Wood, and Taylor v. Adams, cited *supra*.

The decree of foreclosure of the trust deed was rendered November 22, 1906, and the petition of William H. Ellison, set forth substantially in the statement preceding this opinion, praying that possession of the premises be turned over to him, etc., was filed February 7, 1907. November 22, 1906, was one of the days of the November term, 1906, of the Circuit Court, and February 7, 1907, was a day of the January term, 1907, of that court. Between these two terms the December, 1906, term intervened.

Waiving the question discussed by counsel for the parties, respectively, whether the court had jurisdiction at the January term, 1907, to entertain the petition, we think it clear that the court did not err in denying it. The petition claims that William H. Ellison is entitled to the rents and profits of the premises in question, and prays that Bertha M. C. Miller be directed to turn the possession over to him, and that

he be authorized to collect the rents and profits. The question whether William H. Ellison was entitled to the rents and profits of the premises in question was put in issue by the pleadings, and was decided against him by the court. Therefore, the petition was substantially a petition for a rehearing, and it was a matter resting in the discretion of the court to entertain or deny the petition, and error cannot be assigned on its denial.

William H. Ellison is the father-in-law of Douglas; he testified that he paid nothing for the premises; that he did not negotiate with Douglas for the deed; that he never paid any of the taxes on the premises, or collected any of the rents, and did not know where the premises were situated. His testimony leaves it, to say the least, doubtful whether the deed was ever actually delivered to him. When asked to produce it, he said, "I don't know anything about the deed. It has been mislaid for me," and a certified copy of it was put in evidence.

The master's deed to Bertha M. C. Miller was recorded October 14, 1903, and she has been in possession of the premises ever since, so that Ellison had constructive notice of her title; the bill was filed December 7, 1905, Ellison's appearance was entered in the cause, and January 6, 1906, he filed his answer, setting up for the first time a claim to the premises. Ellison's testimony seems to be frank and honest, and we think it apparent that the conveyance to him was a scheme of Douglas, who, he says, was a worthless man, and that Ellison himself had nothing to do with it. However, we have considered the case on the theory that Ellison, by the Douglas deed, acquired the equity of redemption.

The decree will be affirmed.

*Affirmed.*