## Gustave A. Becker, Trustee, and Josephine E. Dunck, Appellees, v. Henry J. Fink et al. East St. Louis Lumber Company, Appellant.

1. Appeal and error, § 493*—*what objection cannot be raised first on appeal.* Objection that a decree of foreclosure and for sale of the mortgaged premises *en masse* was erroneous cannot be made for the first time on appeal.

2. Mechanics' liens, § 175*—*who should be made parties in proceeding.* All persons interested in the land involved in a mechanic's lien proceeding should be parties to such proceeding, under section 11 of the Mechanic's Lien Statute (J. & A. ¶ 7149).

3. Mechanics' liens, § 223*—*when bill to redeem from sale is unnecessary.* A mortgagee who was not made a party to a proceeding to enforce a mechanic's lien in which the mortgaged premises were sold to satisfy such lien and a deed to the purchaser was delivered, *held* entitled to bring suit to foreclose the mortgage the same as though such proceeding had not been had, and it would not be necessary for such mortgagee to file a bill to redeem from such sale.

4. Mechanics' liens, § 156*—*when right to priority over lien of prior mortgage is lost by delay.* Where the holder of a mechanic's lien did not bring suit to enforce such lien, after having given the required notice, until more than two years after final delivery of the materials for which the lien was claimed, as provided in section 9 of the Mechanic's Lien Statute (J. & A. ¶ 7147), *held* that such lien holder thereby lost his priority over the lien of a prior mortgage.

Appeal from the Circuit Court of St. Clair county; the Hon. George A. Crow, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

Keefe & Sullivan, for appellant; C. P. Wise, of counsel.

Fred B. Merrills and Fred E. Merrills, for appellees.

Mr. Justice Boggs delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

On May 10, 1908, Willis F. Carl, being the owner of Lots 12 and 13 in Block No. 17 of East Lansdowne Subdivision in St. Clair county, Illinois, made a contract with appellant, East St. Louis Lumber Company, to furnish lumber and mill material to be used in the construction of three buildings he was about to erect on said lots.

On May 16, 1906, Carl executed to Henry J. Fink, as trustee, three mortgages, each of which secured five notes of $500, all maturing three years after date, making a total secured by the three mortgages of $7,500. Said mortgages covered separate parcels of land.

Appellant furnished said material according to its contract, the last delivery being made in September, 1908. The materials not being paid for, a notice for lien was filed as provided by statute. Thereafter, appellant, East St. Louis Lumber Company, instituted proceedings to foreclose said lien.

Neither Henry J. Fink, as trustee, nor any of the holders of said notes which had been by Fink negotiated were made parties to said proceeding, Carl only being made a defendant thereto. A decree of foreclosure was rendered and on the 7th of July, A. D. 1910, said property was sold to appellant, East St. Louis Lumber Company. Thereafter on October 24, 1911, said property not having been redeemed, the master in chancery conveyed the same to appellant.

Henry J. Fink, trustee, having assigned the three mortgages to Gustave A. Becker, as trustee, and there being a default in the payment of the principal and interest on said notes, at the January term, 1914, of the Circuit Court of said county, a bill was filed to foreclose said mortgages, to which bill Henry J. Fink, Willis F. Carl, Frances J. Carl, appellant, the East St. Louis Lumber Company, and certain other persons were made parties defendant. An answer was

filed by appellant setting up said mechanic's lien pro-
ceeding, the sale and deed to it of the premises in-
volved, and alleging that it was the owner thereof,
and that appellees had no interest therein.

Said cause was referred to a special master to take
the evidence and report the same together with his
conclusion of law and fact. The master found that ap-
pellees were entitled to a foreclosure and that the
lien of said mortgages was, prior to the rights of ap-
pellant, acquired under its deed in said mechanic's
lien proceeding. Exceptions were filed to said report,
which on hearing were overruled and a decree was
entered finding that the lien of appellees under said
mortgages was prior to the rights of appellant, and
for foreclosure.

It is first contended by appellant that the decree of
the trial court for a foreclosure of the three mort-
gages and for a sale of the premises *en masse* was
erroneous. This objection was not made on the hear-
ing in the Circuit Court and, not having been raised
there, it cannot be raised here for the first time. *Glos
v. Hoban*, 212 Ill. 224; *Haas Elec. & Mfg. Co. v.
Springfield Amusement Park Co.*, 236 Ill. 466.

It is next insisted by appellant that notwithstanding
appellees as holders of said mortgages and notes were
not made parties to the mechanic's lien proceedings,
that their only right now is to file a bill to redeem
from the sale under the mechanic's lien decree. In
support of this contention they cite *Kelgour v. Wood*,
64 Ill. 345; *Ellison v. Miller*, 137 Ill. App. 208; *Walker
v. Warner*, 179 Ill. 16; *Alsup v. Stewart*, 194 Ill. 595;
*Rodman v. Quick*, 211 Ill. 546. An examination of
these cases, however, discloses that the question raised
in those cases was with reference to the right of a
grantee of mortgaged premises, where the premises
involved were mortgaged at the time of the conveyance
and were afterwards foreclosed without making the

grantee a party defendant. There is no question but in cases of that character the right of the grantee is simply a right to redeem from the sale under the mortgage. It is, however, different in a mechanic's lien proceeding, and the cases above cited do not apply.

Section 11 of the Lien Statute, being paragraph 25 of chapter 82, Hurd's Rev. St. (J. & A. ¶ 7149), provides that all persons interested in the premises in which mechanic's lien foreclosure proceedings are brought shall be made parties, and our Supreme Court has frequently held that in enforcing a mechanic's lien, all persons interested in the land involved shall be made parties to the proceedings, and if not so made parties their interest will not be affected by the decree. *Williams v. Chapman,* 17 Ill. 423; *Scanlan v. Cobb,* 85 Ill. 296; *McGraw v. Bayard,* 96 Ill. 146; *Bannon v. Thayer,* 124 Ill. 451.

In the case of *Bannon v. Thayer, supra,* at page 452, the court says: "On the 17th of June, 1882, Bannon filed in the office of the clerk of the Circuit Court of Will county his petition for a mechanic's lien, to enforce payment of the amount due him under his contract with Beanly, making Beanly and George Woodruff defendants. Woodruff died on the 26th of October, 1882, and the suit was thereafter declared to be abated as to him. Thayer was not made a party to the suit, and the only remaining party after the death of Woodruff was Beanly, who answered by his conservator. Decree was rendered on the 8th of October, 1883, in conformity with the prayer of the petition, and Bannon, afterwards, at a sale under that decree, became a purchaser of the lots. The note held by Wheeler not having been paid, was assigned to Thayer after the petition for the mechanic's lien was filed, and before final decree thereon was rendered. The present bill is by Thayer, as the holder of the note delivered to Wheeler to foreclose the deed of trust.

"Bannon has set up in his answer, and relies for a defense, on the proceedings to enforce the mechanic's lien. The lower courts held, that neither Thayer nor Wheeler having been made a party to that proceeding, Thayer is unaffected by it, and the only question here is, whether that ruling is right. We held in *McGraw v. Bayard*, 96 Ill. 153, that both the trustee and the *cestui que trust* are necessary parties in such case, and this was predicated upon our previous ruling, to like effect, in *Scanlan v. Cobb*, 85 Ill. 296."

We, therefore, hold that it was not necessary for appellees to file a bill to redeem in this case, but under the authorities above cited they were entitled to file a bill to foreclose said mortgages, just the same as though the mechanic's lien proceeding had never been had.

It is next contended by appellant that the court erred in not finding that the rights of appellant under its deed from the master in chancery in the mechanic's lien proceeding was a superior lien to the lien held by appellees under said mortgage. Section 7 of the Mechanic's Lien Statute (J. & A. ¶ 7145) provides that in order to acquire and enforce a lien for labor or material as against other lien holders or persons interested in the premises in which the lien is sought to be enforced, shall file a notice of said lien with the clerk of the Circuit Court within four months after the final delivery of the materials for which a lien is claimed. Section 9 of said Act (J. & A. ¶ 7147) provides that suit shall be brought within two years from the completion of contract, etc., to foreclose said lien, to which bill all parties or persons interested must be made parties defendant. Appellees were not made parties to the bill to foreclose the mechanic's lien, and more than two years had intervened since the final delivery of materials by appellant under said contract with Carl. This being true, appellant loses its right

to its priority over the lien of appellees' mortgage. *Dunphy v. Riddle,* 86 Ill. 22; *Haines v. Chandler,* 26 Ill. App. 400.

In *Dunphy v. Riddle, supra,* at page 26, the court says: "The statute does not say, in terms, against whom the suit shall be commenced within the six months, its language being, 'unless suit be instituted to enforce such lien within six months'; and it is contended by appellant that it is only needful to commence suit to enforce the lien against the owner and property within the six months, and that at any time afterwards, and after the expiration of the six months, upon amendment of the petition, any creditor or incumbrancer may be made a party defendant, and the lien be enforced against him.

"We cannot adopt this as the true construction of this 28th section of the statute, but think it to be otherwise; that the person against whom the suit must be instituted within the time limited is the one against whom the right of lien may be asserted; that the suit must be instituted against the creditor or incumbrancer within the six months; that such interpretation accords with the rule of strict construction which has ever been applied to this and like statutes.; and where suit is commenced to enforce the lien against the owner, and afterwards, upon amendment of the petition, a creditor or incumbrancer is made a party defendant to the suit, that the suit cannot be considered as having been commenced against such creditor or incumbrancer until he was so made a party defendant."

The statute in force at the time the above opinion was rendered required the bill to be filed in six months. Under the statute now in force, the lien holder is given two years in which to file his bill provided he has filed the necessary notice of lien, but the rule of law governing the rights of persons not made parties to the me-

chanic's lien proceeding has not been changed. In this case more than two years having expired since the bill for mechanic's lien was filed, before the bill to foreclose said mortgages was filed, the right of appellant to a prior lien was lost.

Finding no reversible error in the record, the decree of the trial court will be affirmed.

*Decree affirmed.*