Alexander Hendry Company, Appellee, v. Harry L. Mooar et al., Defendants, on Appeal of S. M. Hunter, Appellant.

## Gen. No. 31,048.

1. MECHANICS' LIENS—*work in nature of repairs as extending time for filing claim.* Under Cahill's St. ch. 83, ¶ 7, requiring that claim for mechanic's lien be filed in four months from completion of work, trivial work in the nature of repairs, done later, cannot extend the time of such filing.

2. MECHANICS' LIENS—*right to lien where work done at request of former owner.* Work done by mechanic at request of former owner does not entitle him to lien against the property in the hands of new owners.

3. APPEAL AND ERROR—*affirmance of part of severable decree on appeal from other part.* Under Cahill's St. ch. 109, ¶ 107, permitting defendants to assign cross-errors, if they fail to appeal from one part of a severable decree, they cannot assign errors as to that part, and it stands affirmed.

Appeal by defendant intervenor from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1926. Affirmed. Opinion filed December 21, 1926. Rehearing denied January 4, 1927.

JAMES P. HARROLD, for S. M. Hunter, appellant.

JOSEPH F. GROSSMAN, for Alexander Hendry Company, appellee. JACOB G. GROSSBERG and DECKER & GOLDEN, for Morris Fink and Minnie Fink, defendants.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

In a mechanic's lien proceeding, commenced October 4, 1923, the master in his report, filed May 11, 1925, recommended the allowance of two original contractors' liens upon the premises, one in favor of Alexander Hendry Company, complainant, for the

sum of $270, with interest from February 5, 1923, and the other in favor of S. M. Hunter, defendant and intervening petitioner, for the sum of $397.30, with interest from May 24, 1923. Objections to the report, filed by Morris and Minnie Fink, defendants to complainant's bill and to Hunter's intervening petition, were ordered to stand as exceptions before the court. The Finks had become the owners of the premises by purchase subsequent to the making of the separate contracts for materials and labor furnished by said contractors. On October 30, 1925; after a hearing upon the exceptions, the court confirmed the master's report as to the claim of Hendry Company, and decreed that, unless the Finks paid the amount of its claim, the premises be sold, etc., but the court disallowed the claim of Hunter and decreed that his intervening petition be dismissed, and further decreed that the costs be taxed one-third against the Finks, one-third against Hunter and one-third against another unsuccessful intervening petitioner, whose claim is not now involved. From the decree Hunter prayed and perfected within apt time the present separate appeal.

It appears from the decree that the Finks also prayed a separate appeal, which was allowed, conditioned upon their filing a bond within 30 days, but it does not appear that they perfected their appeal or made any attempt to do so. After the transcript on Hunter's appeal had been filed, the Finks, by their attorneys, presented a motion, supported by affidavit and showing that notice of the motion had been served on Hunter's attorneys (but not on the Hendry Company), asking that they be permitted to file a supplemental transcript of the record, "and also to assign cross-errors herein." This court allowed the supplemental transcript to be filed. It merely shows that on May 11, 1925, the circuit court had ordered that all objections filed to the master's report stand as exceptions. This Appellate Court also allowed the other

portion of the motion, viz, that the Finks might "assign cross-errors herein," which thereafter were assigned. Upon reviewing them it appears that they relate solely to alleged errors of the circuit court (a) in decreeing that the Hendry Company has a mechanic's lien upon the premises for $270 and interest, and ordering the Finks to pay the amount or, in default thereof, that the premises be sold, etc., and (b) in taxing any part of the costs against the Finks.

From stipulations and oral and documentary evidence introduced before the master, it appears that prior to January 24, 1923, one Stella Hazzard was the owner in fee of the premises, improved with an apartment building; that Harry L. Mooar had been her duly authorized agent to enter into contracts for her with mechanics or material men for the improvement of the premises and to direct all work; that on said date, Miss Hazzard entered into a contract, recorded February 8, 1923, with Esther M. Johnson and Burt Johnson, her husband, for the sale of the premises to them, and that they took possession on February 1, 1923, and thereafter collected the rents; that on February 14, Miss Hazzard conveyed the premises by warranty deed, duly recorded, to David L. Golden, and also assigned all of her right, title and interest in the Johnson contract to him; that on February 23, Golden and wife conveyed the premises by warranty deed, duly recorded, to the Finks, and also assigned their interest in the Johnson contract to them; that the contract interest in the premises, which the Johnsons had acquired, was transferred by them to Mrs. Beulah Fritz about March 20, and she took possession; and that afterwards, about May 8, 1923, she transferred said contract interest to Mrs. H. J. Anderson and husband, and they at once took possession and were living on the premises at the time of a hearing before the master in October, 1924.

As to the lien of appellant, Hunter, it appears that he was in the business of doing carpentry work and contracting; that about the last day of September, 1922, he entered into a verbal contract with Mooar (acting for Miss Hazzard) to furnish certain materials and do certain carpentry labor on the apartment building, according to a certain plan then shown him and instructions to be given from time to time by Mooar; that the work was substantially completed about December 1, 1922, and was of the value of $697.80; and that he was paid on account the total sum of $300.50, made in three instalments in October, 1922, and in February and March, 1923, leaving a balance unpaid of $397.30. He did not file as an original contractor his statement of claim for lien with the clerk of the circuit court, in accordance with section 7 of the Mechanics' Liens Act [Cahill's St. ch. 82, ¶ 7], until August 8, 1923, which is more than four months after the substantial completion of his contract, and he did not file his intervening petition in the cause until November 3, 1923. It was contended in the trial court by the Finks that, as against them as purchasers of the premises, Hunter had lost his lien, if any he had, because of said statement of claim for lien not having been filed in time. Hunter testified on direct examination that his last work on the premises was done on May 24, 1923, at Mooar's request. On cross-examination he testified that he did no work after December 1, 1922, except that on May 24, 1923, "We adjusted the door and fixed the lock" —one hour's time—at the front entrance, which door and lock "had been put on in October or November, 1922." Mooar testified that he "didn't have charge of the building after February 1, 1923," on which day the Johnsons took possession, and he (Mooar) went with them and notified the tenants that they (the Johnsons) would thereafter be in possession and would collect the rents. And Mrs. H. J. Anderson testified:

"From May 8, 1923, when I took possession, to the present time (October, 1924) there has been no work done in the repairing of the building of any nature or description by anybody. * * * I manage the building, collect the rents, hire the janitor, and order everything done. * * * There has been no carpenter work done by anybody since that time."

In view of the evidence we think that the court was fully warranted in disallowing Hunter's claimed lien, as against the Finks, subsequent purchasers, and in dismissing his intervening petition. Even if it be considered that Hunter, by one of his employees, actually did the claimed adjusting work on May 24, 1923, we regard it as an unwarranted attempt to revive a lien which had been lost by failure to comply in time with the provisions of section 7 of the Lien Act [Cahill's St. ch. 83, ¶ 7]. Hunter's verbal contract with Mooar had been substantially completed in November, 1922, and he did not file within four months from that time any statement of claim for lien, in compliance with said section of the Lien Act. And it does not appear that Mooar ordered this particular adjusting work done as extra or additional work on the original contract, and the work, if done, was of a trivial and inconsequential character, and rather in the nature of new and separate repair work, and we do not think it can properly be "tacked on" as a part of the original contract made with Mooar. (*Stone v. Juvinall,* 125 Ill. App. 562, 564; *Schaller-Hoerr Co. v. Gentile,* 153 Ill. App. 458, 461; *Davis v. Alvord,* 94 U. S. 545, 548; *Badger Lumber Co. v. Parker,* 85 Kan. 134, 137; *Cahoon v. Fortune Min. & Mill. Co.,* 26 Utah 86, 72 Pac. 437, 440; 35 L. R. A. [N. S.] 904 note, and cases there cited.) Furthermore, even if Mooar, about May 24, 1923, requested Hunter to do said adjusting work, as Hunter testified he did, such request would not be binding on the then owners of the premises, the Finks. Mooar's authority to make contracts for the improve-

ment of the premises came solely from Miss Hazzard while she was the owner, and when she parted with the possession, and title to the premises Mooar's authority ceased.

As to the question whether the circuit court erred in decreeing a lien in favor of complainant, Hendry Company, for $270 and interest, and that in default of payment thereof by the Finks the premises be sold, etc., we do not think that the Finks are in a position to raise the question on this appeal. They did not perfect a separate appeal from that part of the decree which awarded the Hendry Company a lien, etc., upon the premises. (*Glos v. Woodard,* 202 Ill. 480, 482.) And, the decree being a severable one, the Finks could not properly assign cross-errors, on the separate appeal of Hunter, as to the action of the court in awarding a lien in favor of the Hendry Company. (*Oliver v. Wilhite,* 201 Ill. 552, 564; *Chicago & M. Elec. R. Co. v. Chicago & N. W. R. Co.,* 211 Ill. 352, 359; *Walker v. Montgomery,* 236 Ill. 244, 248; *Nestor Johnson Mfg. Co. v. Alfred Johnson Skate Co.,* 313 Ill. 106, 125.) In the *Oliver* case it is said (p. 564): "Section 78 (now 107) of the Practice Act [Cahill's St. ch. 109, ¶ 107] gives the right to appellees or defendants in error, in all cases of appeal or writ of error, to assign cross-errors, and makes it the duty of this and the Appellate Courts to dispose of the same as in other cases of assignment of error. When, however, a decree in chancery is severable,—that is, composed of distinct parts having no bearing upon each other,— each part may be treated as a distinct decree and an appeal taken from one part without affecting the others. (*Walker v. Pritchard,* 121 Ill. 221; *Union Trust Co. v. Trumbull,* 137 id. 146; *Moore v. Williams,* 132 id. 591.) And when an appeal from one part of a severable decree is taken, cross-errors cannot be assigned as to parts not appealed from. *Walker v. Pritchard, supra."* It seems clear to us that that part

of the decree in question, disallowing the claimed lien of Hunter and dismissing his intervening petition, is distinct from that part decreeing a lien in favor of complainant, Hendry Company, and that these two parts have "no bearing upon each other." In the cited case of *Walker v. Pritchard, supra,* it is said (p. 227): "The theory of the decision in *Cheney et al. v. Teese et al.,* 113 Ill. 444, is, that where different parts of a decree relate to matters wholly independent of each other, so that the decision as to one part has no influence or bearing upon the decision as to the other part, they are severable, and, in effect, distinct decrees, and an appeal may, consequently, be made from either part without affecting the record as to the other part. When such an appeal is taken, manifestly the question of jurisdiction must be determined by the question affected by the decree, as was there held, and it would inevitably follow that cross-errors could not be assigned as to the part of the decree not brought before the court by the appeal." In *Nestor Johnson Mfg. Co. v. Alfred Johnson Skate Co., supra,* the complainant filed a bill in the superior court to restrain the defendant corporation, and certain individual defendants, from doing certain acts of claimed unfair competition in connection with the manufacture and sale of skates, and for an accounting. The trial court dismissed the bill *as to the individual defendants,* but entered a decree restraining *the corporation* from doing certain acts and also awarded an accounting against it. On the appeal of the corporation to this Appellate Court the decree was reversed and the cause remanded with directions to dismiss the bill for want of equity. (229 Ill. App. 549, 564.) On that appeal the complainant had *assigned cross-errors* on the dismissal of said individual defendants. The case was appealed by the complainant to the Supreme Court, where the judgment of this Appellate Court and the decree of the superior court were reversed and the

cause remanded to the superior court with directions. (313 Ill. 106, 126.) In the course of its opinion the Supreme Court said (p. 125): ''The appellant insists that the decree of the circuit (superior) court dismissing the bill as to the individual defendants should be reversed. It assigned cross-errors on this part of the decree in the Appellate Court, but the Appellate Court had no jurisdiction of the individual defendants in the circuit court. There was no joint decree in the circuit court. The relief granted was against the corporation alone. Its appeal did not bring the individual defendants before the Appellate Court. If the complainant was dissatisfied with the decree dismissing its bill against the individual defendants it might have appealed, but the appeal of the corporation brought up nothing but the decree against it and did not authorize the assignment of cross-errors against the decree in favor of the other defendants.'' In the present case, one part of the decree disallowed the claimed lien of Hunter and dismissed his intervening petition; another part allowed the claimed lien of the complainant, Hendry Company, and directed a sale of the premises in case the Finks failed to pay the amount awarded. Hunter appealed from the decree wherein his intervening petition was dismissed, and, in our opinion, in view of the authorities, his appeal ''brought up nothing but the decree against him,'' and, inasmuch as the Finks did not appeal from the decree as they might have done, the Hunter appeal did not authorize the assignment of cross-errors by the Finks as to that part of the decree allowing complainant's lien. And we think that the order of the circuit court as to the taxing of the costs, as above mentioned, was proper.

For the reasons indicated the decree of the circuit court, entered October 30, 1925, is affirmed.

*Affirmed.*

FITCH and BARNES, JJ., concur.