## Biscoe Hindman v. Charles D. Off et al. Thomas C. Hindman, Intervening Petitioner, Appellant.

### Gen. No. 31,837.

1. FORECLOSURE OF MORTGAGES—*right to rents during period of redemption.* As a general rule the owner of the equity of redemption is entitled to the rents and profits of mortgaged premises until the expiration of the time of redemption.

2. FORECLOSURE OF MORTGAGES—*payment of deficiency by receiver out of rents.* If a mortgagor pledges the rents as security and the premises fail to bring enough at the foreclosure sale to pay the judgment, the mortgagee may take steps to subject the rents to pay the deficiency, and, if there is a receiver, he will be ordered to pay such deficiency out of the rents.

3. FORECLOSURE OF MORTGAGES—*nature of possession by receiver in collecting rents.* The possession of a receiver of mortgaged premises in foreclosure who collects the rents is virtually the possession of the owner of the equity of redemption who is entitled to all the rents, if there is no deficiency from the foreclosure sale.

4. FORECLOSURE OF MORTGAGES—*right to rents in conveyance of premises . during period of redemption.* A conveyance of mortgaged premises by the owner of the equity of the redemption, without an assignment of the rents, carries with it the right to the rents accruing during the period of redemption, if there is no deficiency from the foreclosure sale; and the fact that a receiver collects the rents gives the subsequent assignee of rents from the owner of the equity no right to the rents in the period of redemption as against the first grantee of the premises.

5. APPEAL AND ERROR—*right to assign cross error on appeal from severable order.* Where an order distributing between two claimants funds in the hands of a receiver is appealed from by both and both are required to file appeal bonds, but only one perfects his appeal by filing bond, the other claimant cannot properly assign cross error on the separate appeal of the one filing the bond, the order being a severable one.

Appeal by defendant from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Affirmed. Opinion filed December 12, 1927.

CHARLES S. CUTTING and ARTHUR L. BALLAS, for appellant.

FRANK H. LENNARDS, for Briscoe Hindman.

DAVID K. TONE, for E. J. Lennartz.

· E. C. HOWARD, for Ferdinand J. Niehing, receiver.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This appeal brings in review the order distributing a fund in the hands of the receiver appointed in a foreclosure proceeding in the above entitled cause. The prior facts of that case were stated in *Lennartz v. Boddie,* 228 Ill. App. 635. Upon filing of the re-

ceiver's final report the court ordered the receiver to pay Thomas C. Hindman $2,343.46 and to E. J. Lennartz $3,056.60. Hindman appeals from this, claiming that the entire fund of $5,399.06 should be paid to him.

The decree of foreclosure was entered under the Statute of 1917, under which a certificate of indebtedness was issued by the master, and if there was no redemption a sale was had after the expiration of 15 months from the date of the decree. December 12, 1918, this decree was entered; September 16, 1918, a receiver was appointed, who was in possession of the premises and in receipt of the rents until March 25, 1920. April 18, 1919, the defendant Off conveyed the premises to Charles T. Knapp but did not execute any assignment of the rents. October 21, 1919, Knapp conveyed the premises to E. J. Lennartz and at the same time executed to him an assignment of whatever claim or interest Knapp might have in the rents. There was a redemption by John T. Boddie, who on April 29, 1920, received a master's deed to the premises. December 2, 1921, Off assigned to Thomas C. Hindman all the rents of the premises with power to collect the same.

Thomas C. Hindman claimed all of the funds in the hands of the receiver by virtue of the aforesaid assignment to him. Lennartz claimed that he was entitled to a part of the same by virtue of the deed of Off to Knapp and the deed and assignment from Knapp to Lennartz. The chancellor held with the claim of Lennartz and ordered paid to Hindman the rents accruing to the date of the conveyance of Off to Knapp and the rents accruing after that date to be paid to Lennartz. Hindman has appealed.

We are of the opinion that the chancellor properly divided the fund.

As a general proposition the owner of the equity of redemption is entitled to the rents and profits of the premises until the expiration of the time of redemp-

tion.  If the mortgagor pledges the rents as security and the premises fail to bring enough at the sale to pay the judgment, the mortgagee may take steps to subject the rents to pay the deficiency and, if there is a receiver, he will be ordered to pay such deficiency out of the rents.  In the opinion in *Straus v. Bracken,* 242 Ill. App. 122, are numerous citations of the decisions in this State on this subject.  In *Davis v. Dale,* 150 Ill. 239, it was said:

"The only purpose of appointing a receiver at the instance of the mortgagee or *cestui que trust* under or trustee in the trust deed, is to preserve the security of the mortgage or trust deed, and apply the rents, issues and profits, when necessary, in discharge of the indebtedness.  And it follows, necessarily, that where the property is bid off at the foreclosure sale for the full amount of the decree, interest and cost, as was here done, the necessity for continuing the receiver ceases, and he should be discharged and the possession restored to the owner of the equity of redemption.  In any event, the possession of the receiver, and his receipt of the rents and profits arising from the property, would be for the benefit of the person entitled to the same, so that the parties acquired no additional right because the fund is in the hands of the receiver."

"Rents and profits are the incidents of possession of the equity of redemption and may be collected by the owner thereof until the period of redemption expires."  *Williams v. Marmor,* 321 Ill. 283.

It seems to be conceded that had Off made no conveyance of his interest in the premises he would be entitled to the rents, issues and profits and, as there was no deficiency, he would be entitled to the entire fund in the hands of the receiver; but it is said that, where the mortgagor conveys the premises without a specific assignment of rents to one not a party to the foreclosure, only the naked right to redeem is thereby conveyed, citing *Ellison v. Miller,* 137 Ill. App.

208. We cannot accept this case as controlling. There, Ellison owned the equity of redemption by virtue of a deed from the mortgagor made after the bill to foreclose was filed. He was not made a party to that foreclosure, which proceeded to a decree and sale with a master's deed to Bertha Miller. To correct the omission of Ellison she filed a bill and Ellison answered, claiming the rents and profits accruing after the master's deed. His claim was against the party in possession under a master's deed. In the instant case Lennartz is asking for the rents and profits for a period before the master's deed issued, and as it is conceded that Off would be entitled to these if he had not assigned them, no sound reason appears why Off's grantee should not be entitled to whatever Off was entitled to receive.

If there had been no receiver and Off had, with his deed to Knapp, given him possession, obviously Knapp and his grantee, Lennartz, would have been entitled to the subsequent accruing rents; but the possession of the receiver with respect to the rents is virtually the possession of the owner of the equity who is entitled to all the rents, if there is no deficiency. Whether the rents are collected by the owner of the equity in possession or by a receiver, a conveyance of the equity carries with it the right to the rents accruing thereafter except as these may be applied on any deficiency judgment.

Appellee Lennartz has assigned cross errors in this court, attacking the report of the receiver, and has argued these at some length. He is not in a position to be heard upon these. The record shows that Hindman and Lennartz severally appealed from the order of the chancellor, which appeals were allowed upon the condition that they file their several appeal bonds within 30 days. Hindman perfected his appeal by filing his bond, but Lennartz did not. The order being a severable one, Lennartz cannot properly assign

cross errors on the separate appeal of Hindman. *Glos v. Woodard,* 202 Ill. 480; *Alexander Hendry Co. v. Mooar,* 242 Ill. App. 516.

The order of distribution was proper and is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.